## ATLANTA BUGGY CO. *v.* HESS SPRING & AXLE CO.

1. Where a written contract was entered into between a purchaser of certain goods and a person who signed for the seller, which contained a provision that the contract "shall only be considered binding on the seller when signed by one or more of its officers," and it did not appear that it was ever so signed, or that there was any consideration for the promise of the purchaser except the contemplated mutual obligations to be assumed by the seller, the contract was unilateral. The seller not being bound, neither was the purchaser; and the latter might withdraw from it before it became mutually binding by acceptance in the manner agreed on.

2. Where the proposed vendor brought suit for breach of such a contract against the vendee, and by amendment alleged that the person who signed the contract with the vendee was the agent of the plaintiff, with full power to represent it in making the contract for the articles specified in it, and binding it thereto, and that the contract he made was fully ratified by the plaintiff and accepted by it as binding on it, such amendment did not show that the contract was or ever became one whereby one became bound to sell and the other to buy the specified property. The allegation that the person signing the contract on behalf of the plaintiff was authorized so to do, and that the contract was ratified by the plaintiff, did not change its written terms, but left as one of them that it should not be binding on the seller until signed by one or more of its officers.

3. Authority to make the contract had reference to it as made, and ratification confirmed it as made. Neither anterior authority nor subsequent

ratification would operate to change the terms of the written contract without the knowledge or consent of the other party, and adversely to it.

4. Two written contracts of a similar character being involved, the fact that under one of them the vendee specified certain articles which he desired, and which were furnished, rendered it binding on the parties to the extent only of the accepted specification.

Argued July 11,—Decided November 20, 1905.

Action for breach of contract. Before Judge Reid. City court of Atlanta. November 16, 1904.

The Hess Spring and Axle Company brought suit against the Atlanta Buggy Company. The declaration contained three counts, but one of them was stricken on demurrer. Of the others, one was based on each of two contracts. They were similar in character, except that one applied to vehicle axles, the other to vehicle springs. The first began thus: "Contract for axles. Made in duplicate at Atlanta, Ga., July 25th, 1902. The Hess Spring & Axle Co., of Carthage, Ohio, agrees to sell and the Atlanta Buggy Co., of Atlanta, Ga., agrees to buy upon the terms and conditions stated herein." Then followed a description of the quantity, prices and terms, provisions in regard to making specifications by the buyer, a warranty by the seller, etc. The contract closed with these words: "No verbal agreement shall affect this contract, nor can it be changed in any manner, except in writing and noted hereon, and it shall only be considered binding on the seller when signed by one or more of its officers.

[Signed] The Hess Spring & Axle Co., Per C. W. Cathcart.

Accepted: Atlanta Buggy Co., Clarence Houston, Secty. & Treas."

As to the first contract, it was alleged that the defendant failed and refused to make specifications within the time named in it. As to the second, it was alleged that the defendant made specifications for a small amount of the springs, but failed and refused to make specifications for more. Defendant demurred to the declaration; and the plaintiff amended by adding the following allegations to each count: "Said contract was made by a duly authorized agent of the plaintiff, to wit C. W. Cathcart, with full power to represent plaintiff in making the contract for the articles specified in said contract, and binding the company to make and deliver the same. Said contract when made was fully ratified by plaintiff and accepted by it as binding upon it. Plaintiff stood ready to fully perform each and every obligation imposed upon it by said contract. Said

plaintiff was a manufacturer and was known by the defendant to be such, and said contract was made with the plaintiff with the intention that the articles therein specified should be manufactured by it and sold by it to the defendant." The demurrer was overruled, and •the defendant excepted.

*Smith, Hammond & Smith,* for plaintiff in error.
*Slaton & Phillips,* contra.

LUMPKIN, J.    It is necessary to consider only one question raised by the demurrer, namely, that it appears that each of the contracts provided that it should "only become binding on the seller when signed by one or more of its officers;" that it was without consideration, unless there were mutual promises; and that the seller never made a promise or became bound, and therefore the defendant was not bound.    No other consideration moving to the defendant is alleged or insisted on except that there were mutual promises, and that each contract was binding on both parties.    If this were not so, then there was no mutuality, and neither would be bound.    Under the allegations of the original declaration, it is clear that no contract binding on both parties was set forth.    Each of the contracts contained the provision above quoted as to when it should become binding on the seller.    It is not alleged that it was ever signed by an officer of the seller; nor is there any allegation that Cathcart was such an officer.    Was this cured by the amendment?    It still did not allege that Cathcart• was an officer of the seller, but that he was a duly authorized agent of the plaintiff, with full power to represent it in making the contract for the articles specified therein, and binding the company to make and deliver them.    Concede that he had authority to make the contract and also to bind the plaintiff to make and deliver the articles, did he exercise it so as to thus bind the plaintiff?    Evidently not.    The written contract which he actually made contained as one of its terms that it did not become immediately binding.    If Cathcart was an agent and had authority to contract absolutely for the making and delivery of the articles, he did not exercise it, but in fact contracted that his principal should not become then presently bound.    The cases in which it has been held, that, where there are provisions in an insurance policy declaring that none of its terms can be waived except in writing, there may nevertheless be a waiver

by an agent shown to be in fact authorized by the company to make it, in some other manner (*Western Assurance Co.* v. *Williams,* 94 *Ga.* 128, and like decisions), do not affect this case. That a party may, by himself or his agent duly authorized to do so, waive a provision of a contract in his favor, and that the other party may take advantage of such waiver, is quite different from an effort on the part of one party to a contract to waive one of its terms providing for a certain signature as precedent to its becoming binding on him, and thus, without notice to or the assent of the other party, to establish a right in his own favor which would not otherwise exist. This case is much more like that of *Reese* v. *Fidelity Mutual Life Assn.,* 111 *Ga.* 482, in which it was held that when the application for a policy of insurance and the policy itself stipulated that it should not become binding on the company issuing it until the first premium had been actually received, during the good health of the applicant, this payment of the premium during his good health was a condition precedent to fixing a liability on the company. See also *Mutual Reserve Fund Life Assn.* v. *Stephens,* 115 *Ga.* 192. In *Perry* v. *Paschal,* 103 *Ga.* 134, there was a consideration for the contract signed by the party sought to be bound, and the fact that both parties did not sign the agreement in regard to land was not fatal to a recovery, where the party not signing brought an equitable proceeding for specific performance. So in *Sivell* v. *Hogan,* 119 *Ga.* 167, the contract was based on a consideration, or at least the seal attached imported a consideration. It was held that "a unilateral contract, though required by the statute to be in writing, may be made mutual by the other party's doing some act which would take the case out of the statute so far as he is concerned." But a tender of the purchase-price, made after the time specified for delivery (if a tender would otherwise be sufficient), was held not to have that effect. For mutual obligations to furnish a consideration, they must be mutually binding.

It is further contended by plaintiff, that, if the allegation was not otherwise sufficient, the statement that it ratified the action of Cathcart showed the contract to be binding. If the act of Cathcart originally bound the plaintiff, ratification could give it no greater force. Pleading ratification of the act of one acting as agent implies that he originally was wanting in authority, or exceeded his authority. Otherwise, ratification would be unnecessary. As to

whether, if one party to a contract is not bound by reason of want of authority in a person signing as his agent, he can afterward ratify such act and claim that the other party became bound, although the contract was not originally binding on both, the authorities are. in conflict. In Wisconsin it has been held that "Ratification of contract entered into by person acting as agent, but without authority so to do, made by the person for whom he assumed to act as principal, can not validate the contract so as to bind the other contracting party without his assent." Atlee *v.* Bartholomew, 69 Wis. 43, 5 Am. St. R. 109. Speaking of a vendee in a contract for the purchase of land, who has not signed the written contract, the same court says: "He ought not to be in a position where he can hold. the other party to the contract, and compel its performance if advantageous to him, and at the same time be at liberty to avoid the contract on' his part if disadvantageous. Both parties ought to be bound by the contract, or neither should be bound." Lowber *v.* Connit, 36 Wis. 183; Dodge *v.* Hopkins, 14 Wis. 630, 637, 641; Townsend *v.* Corning, 23 Wend. 435, 444; Governor *v.* Fox, Eng. Law & Eq. R. 420; Mechem on Agency, §179(b). Judge Story thought the general rule to be that ratification related back to the act done, both for and against the principal, but with certain exceptions. Story on Agency, §245 et seq. An elaborate discussion of the subject will be found in a note to Atlee *v.* Bartholomew, 5 Am. St. R. 109, supra, in which the position of Mr. Mechem is criticised. See also Lawson on Contracts, §177; Andrews *v.* Ætna Life Ins. Co., 92 N. Y. 596; Hammond *v.* Hannin, 21 Mich. 374; Soames *v.* Spencer, 16 Eng. Com. L. 32 (Sergeant & Lowber's ed. 14) ; McLean *v.* Dunn, 4 Bing. *722, 13 E. C. L. R. 710 ; Rev. Rep. 714; 1 Am. & Eng. Enc. L. (2d ed.) 12, 13. The Georgia cases hold, as a general rule, that ratification relates back to the act ratified, except where there is an intervening equity. *Howard* v. *Cassels,* 105 *Ga.* 412(2) ; *Singleton* v. *Bank,* 113 *Ga.* 527(2) ; *Graham* v. *Williams,* 114 *Ga.* 716; Civil Code, § 3019. As to the point made in the quotation from Lowber *v.* Connit, supra, compare decision in *Perry* v. *Paschal,* 103 *Ga.* 137.

We are not, however, required to decide whether in this case the seller could retain the right to ratify or reject until it developed which would be the more advantageous, and then ratify if for its own interest, and thus by relation back make the contract mutual instead

of unilateral. Suppose that the principal could ratify, what would it ratify? The exact contract which the person acting as agent made. What was that? It was that the written instrument should not become binding on the seller till signed by one or more of its officers. This agreement formed one of the terms of the written contract made by the person acting as agent. When his acts were ratified, it simply confirmed the contract which he made. It did not operate to make another contract or to change the terms of the one made. Ratification confirms. It neither changes the contract nor makes a new one with different terms.

The contract made, therefore, not having been binding on the seller, and there being no consideration, the purchaser was not bound, and could retire from it before it became a complete and mutually binding contract. *Cooley* v. *Moss, 123 Ga. 707.*

The case of George "Delker Co. v. Hess Spring & Axle Co., 138 Fed. 647, is relied on by the plaintiff. That decision dealt with three points: that the contract was not too uncertain to be enforced; that the purchaser was not put on his election as to his action in certain events provided for in the contract; and the determination that the contract contemplated manufacturing the articles, and that the measure of damages was one adapted to a manufacturing contract and not to an ordinary contract of bargain and sale. The questions dealt with in this opinion were not involved.

The specification of certain articles under one of the contracts did not go further than to render it binding to the extent of the accepted specification. *McCaw Mfg. Co.* v. *Felder, 115 Ga. 408.*

*Judgment reversed. All the Justices concur, except Beck, J., not presiding.*