### 10036.   BURTON et al. v. JERNIGAN.

The contract in question is unilateral and the court did not err in dismissing the action.
DECIDED APRIL 16, 1919.

Action on contract; from city court of Leesburg—Judge J. R. Long.   July 5, 1918.

*Robert R. Forrester, James T. Mann,* for plaintiffs.

*Yeomans & Wilkinson, W. G. Martin,* for defendant.

JENKINS, J. An action for damages was brought by George T. Burton and C. E. Ragan against R. E. Jernigan for an alleged breach of the following contract:

"In consideration [of the] stipulations herein named and of $5.00 paid to R. E. Jernigan of Smithville, Ga., as a bonus by Geo. T. Burton and C. E. Ragan of Dawson, Ga., the first party of the contract promises to deliver unto the second parties of this contract 2000,00 [?] bushels of sound dry white Spanish peanuts not later than October 15th, 1917, at a contract price of eighty cents per bushel and thirty pounds to the bushel, also scale weight to govern at Smithville, Ga. And at the time of the delivery, should these peanuts be selling at forty cents or as high as $2.00 per bushel, the first party of this contract promises to deliver at eighty cents per bushel as the contract calls for.

"Signed, sealed, and delivered in the presence of witnesses. This the 25th day of January, 1917.

Witness B. R. Jones,                   First Party. R. E. Jernigan.
N. P. Lee Co. Ga.                      Second Parties. Geo. T. Burton.
                                       Second Parties. C. E. Ragan."

It is alleged in the petition that by reason of Jernigan's failure and refusal to deliver the amount of peanuts called for by the contract, the plaintiffs were damaged in the sum of $2,000.

1. The action being in one count for damages arising from the breach of a contract of sale already effected, the court did not err in sustaining a general demurrer thereto. The alleged contract as thus taken and sued upon is plainly unilateral, and therefore unenforceable, since under it the plaintiffs, as the alleged purchasers, did not assume any obligation on their part to accept or to pay for the goods which they contend the defendant seller had bound himself to deliver. *Morrow* v. *Southern Express Co.,* 101 *Ga.* 810 (28 S. E. 998); *Simpson* v. *Sanders,* 130 *Ga.* 265 (60 S. E. 541); *Martin* v. *Cox,* 13 *Ga. App.* 236 (79 S. E. 39); *Haynes Auto Co.* v. *Turner,* 18 *Ga. App.* 22 (88 S. E. 717).

2. What the rule would be had the plaintiffs declared upon the contract as one of option, or added a separate and distinct count to that effect, is not before this court for determination. *Hillside Cotton Mills* v. *Ellis,* 23 *Ga. App.* 45 (4) (97 S. E. 459).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*