DOUGLAS *et al.*, commissioners, *v.* AUSTIN-WESTERN ROAD MACHINERY COMPANY.

No. 8052. SEPTEMBER 17, 1931.

C. A. Williams, for plaintiffs in error.
Kelley & Dickerson, contra.

PER ' CURIAM.  Austin-Western Road Machinery Company brought mandamus proceedings against J. W. Douglas as chairman of the board of commissioners of roads and revenues of Bacon County, and all the other members thereof, to compel the levying of an extra or special tax to pay certain county warrants which had been issued to petitioner during the month of March, 1925, by a board of commissioners whose members at the time of the institution of this proceeding had gone out of office.  Douglas and the other members of the board filed their demurrers, plea, and answer.  At the hearing the respondents amended their plea and answer.  After considering the case, the court overruled the demurrer, and made the mandamus absolute; and the respondents excepted.

This court is of the opinion that, under the facts alleged, the purchase, by the commissioners of roads and revenues from Austin-Western Road Machinery Company, of certain material necessary to road building was such a contract as must be entered on the minutes of the commissioners, under the Civil Code, § 386.  It is admitted that the contract was not entered as required by this section.  Consequently the issuance of the warrants to pay off the purchase-price of the material was illegal, and the court was not authorized to issue a mandamus absolute, under which the commissioners are required to raise by taxation such specified amount annually as will finally pay the claim of the Road Machinery Company.  That ruling was, of course, a fundamental error and requires a reversal of the judgment.

*Judgment reversed.  All the Justices concur, except*

BECK, P. J., dissenting.  I am compelled to dissent from the ruling of the majority in this case, for the reasons which I now state.  The first ground of defense appearing in the amended plea

and answer is to the effect that all the county warrants issued to defendant in error were based on the written contract of purchase and sale between the former chairman of the board of commissioners and the machinery company; that the warrants were issued illegally; that they were without consideration, and the county authorities were without jurisdiction to issue the same, because "the said contract was never and is not now entered on the minutes of said board of commissioners;" which allegation is admitted to be true in the agreed statement of facts. The soundness of this contention depends upon whether or not the transaction between the county authorities and the Road Machinery Company which resulted in the issuance of the warrant (No. 468) for the sum of $7,350.00, and the purchase and receipt from the company for this consideration of a number of culverts of specified diameters and lengths, was such a contract as falls within section 386 of the Civil Code. That section provides: "All contracts entered into by the ordinary with other persons in behalf of the county must be in writing and entered on their minutes." I am of the opinion that the purchase of these culverts and the agreement to issue the warrants in consideration thereof is not a contract falling within the provision of that section. This was a purchase of material for use on the roads of the county. It was in no sense an executory contract. It was a sale and purchase of the material, and the warrants for the price thereof were to be issued at once; that is, at the first meeting after the material was received. The main purpose, as I conceive it, of the provision of § 386, requiring the contracts there referred to to be in writing and entered on the minutes, is that citizens and taxpayers of the county may be put upon notice of executory contracts of the county authorities; so that if such contracts are not authorized by law or are for any cause illegal and void, or voidable, the citizens and taxpayers may take steps to prevent the carrying out of the contract and the consequent liability of the county and the imposition of taxes on taxpayers to meet the obligation of the county growing out of the contract. But, as I have said, this was a mere purchase and sale, and it is not contended that the county authorities could not make a purchase of material for the roads without going through the formality of entering the terms of the purchase on their minutes. The transaction in question here is embraced in the following order:

"Culvert Pipe Order Form to The Austin-Western Road Machinery Company, Chicago.

"$7,350.00. December 24th, 1924.

"Please ship to J. D. Taylor, at Alma, County of Bacon, State of Georgia, on or about at once, via. A. B. & A. R. R." Then follow the number of culverts ordered, the diameter, gauge, length in feet, kind of pipe, and the amounts of the purchase-price of each pipe. After this follows this agreement: "We hereby agree to receive the above pipe and accept the same subject to the guarantee on the back of this order, and agree to the following terms of settlement. Will give warrants first meeting after culverts arrive, same to bear interest at 7% until paid.

"Signed on behalf of Bacon County. Official Title:

"Signature: J. D. Taylor, Ordinary and Chairman,

"A0-2287. From factory by freight. Alma, Ga.

"Send bill to J. D. Taylor, Ord. and Chr., Alma, Ga."

On the back of this order appears the following:

"Guarantee. The goods specified on the reverse side of this order are guaranteed to be thoroughly serviceable and practical for the purpose for which they are designed. If found defective in either material or workmanship, we agree to replace such defective parts free of charge f. o. b. factory. Claims for defective parts must be made within one year from date of sale.

[Signed] The Austin-Western Road Machinery Co."

. The shipment of the material was in accordance with this order and acceptance. This amounted merely to a sale and purchase, and did not amount to a contract such as contemplated in section 386 of the Code; and the failure to enter it on the minutes did not render the same illegal, nor render the warrants for the consideration illegal. The warrant for $7,350.00 was duly issued, and was then divided into small warrants. It is stipulated that all the warrants bear interest at 7%. The court was authorized to find, in view of the amount that could be raised by special taxation for county purposes, that this was not the creation of a debt.

In the years 1924 and 1925 the county commissioners did not levy any tax for road purposes or for paying the salaries and wages, or for working, improving, and repairing the roads of Bacon County. If the taxes had been levied in those years, the court might have held that there would have been no deficiency,

or at any rate but a small deficiency in the funds liable for the payment of the material in question here, which was purchased by the county authorities; and the court was authorized to treat the deficiency in the funds to meet these warrants as a casual deficiency, and to adjudge and order that a "mandamus absolute be granted, and the defendants are commanded to raise by taxation beginning with the current year such an amount annually as will pay at least 25% of petitioner's claim, principal and interest, and interest that shall accrue up to the time of payment of the claim of petitioner;" and to further order that "the amounts of money so raised be kept and preserved separate and apart from other funds of Bacon County, and be paid out in discharge of petitioner's claim." In view of what I have said, I have reached the conclusion that the court properly made the mandamus absolute, and that his judgment should not be reversed.