DOUGLAS *et al.*, commissioners, *v.* AUSTIN-WESTERN ROAD MACHINERY COMPANY.

No. 8315. DECEMBER 16, 1931.

*C. A. Williams,* for plaintiffs in error.
*Kelley & Dickerson,* contra.

ATKINSON, J. 1. Every contract made with a county is required to be in writing and entered on the minutes of the proper authorities entrusted with the county affairs. Civil Code (1910), § 386. Where a person has a written contract with a county, he has the legal right to have the same entered on such minutes; and if the proper county authorities fail or refuse to enter such contract, the judge of the superior court should by mandamus compel the authorities to so enter it. In a proceeding for mandamus to compel the performance of such duty, the court will not inquire into the validity of the contract further than to see that on its face it is prima facie valid. *Board of Commissioners of Morgan County* v. *MacDougald Construction Co.*, 157 *Ga.* 595 (122 S. E. 317). See also *Milburn* v. *Commissioners of Glynn County*, 112 *Ga.* 160 (37 S. E. 178).

2. The act approved August 19, 1919, creating "a Board of Commissioners of Roads and Revenues for the County of Bacon" (Acts 1919, p. 577), as amended by the act approved August 20, 1923 (Acts 1923, p. 204), provided in part: "Sec. 14. . . The said commissioners shall have exclusive jurisdiction and control over the following matters, to wit: In controlling and directing of property of said county as they may deem expedient according to law; . . and generally to have and exercise all powers heretofore vested in the Ordinary of said county when sitting for county purposes, and to exercise such other powers as are granted by law, or as may be indispensable to their jurisdiction over county matters and county finances." "Sec. 2. . . That the Ordinary of Bacon County shall be ex-officio a member and chairman of said Board of Commissioners of Roads and Revenues." "Sec. 10. . . That the Ordinary of Bacon County, as ex-officio member and chairman of said Board of Commissioners of Roads and Revenues as provided for in this Act, shall preside at all meetings, sign the minutes at all proceedings, sign his name as chairman to all orders, warrants, summons, subpœnas, or other processes issued by the said board or by authority of said board." In section 1 of the act approved August 1, 1924 (Acts 1924, p. 269), which by its terms became effective January 1, 1925, so much of sections 2 and 10 of the original act approved August 19, 1919 (Acts 1919, p. 577), as amended by the act approved August 20, 1923 (Acts 1923, p. 204), as made the Ordinary of the county ex-officio a member and chair-

man of the Board of Commissioners of Roads and Revenues was repealed. In section 2 of the act of 1924 supra, section 11 of the original act of 1919 was so amended (effective on January 1, 1925). as to read as follows: "That the Board of Commissioners shall at their first meeting in January, 1925, elect one of their body as chairman, who shall preside at all meetings or terms of the courts held by said board, sign the minutes of all terms of said courts, sign his name as such chairman to all orders, resolutions, warrants, or vouchers, subpœnas, or other processes issued by said board or by authority of said board; and shall also elect one of their body as vice-chairman, who shall in the absence of said chairman preside and perform all of the duties hereinbefore enumerated to be performed by said chairman, and he, the said vice-chairman, together with the other member of the board, shall constitute a quorum for the transaction of any business of said board, at any term of its court."

3. The original order for the goods, construed in connection with the acts of the legislature set forth in the preceding division, purported to be signed "on behalf of Bacon County" by J. D. Taylor as Ordinary of the County and Chairman of the Board of Commissioners of Roads and Revenues of that county. And the endorsement upon the order shows the acceptance and assent to the terms of the order by the Austin-Western Road Machinery Company.

4. The several warrants all issued after January 1, 1925, appear on their face to have reference to the original order mentioned in the preceding division, and are to be construed in connection with each other, and with the original order and the acts of the legislature above mentioned, as parts of one contract. These warrants show upon their face that they were issued from the office of the Commissioners of Roads and Revenues of the county and signed by "J. F. Taylor, Chairman," being a different person from the official who signed the original order.

5. The several papers so executed, when taken in connection with the statutes above mentioned, purport to show prima facie a contract made by the county for the purchase of the goods described in the original order. If there was a failure of the Board of Commissioners of Roads and Revenues by a majority vote to formally authorize the Ordinary and ex-officio chairman of the

Board of Commissioners to sign the original order, the effect of such failure would be waived by the vendees by acceptance of full performance of the contract upon the part of the vendor.

6. In the light of the foregoing, the allegations contained in paragraphs 3 and 9 of the petition taken in connection with the statements in paragraphs 2 and 8 of the answer, considered in connection with paragraph 5 of the petition and the answer thereto, did not show such issues of fact as required submission to a jury.

7. It was not a good defense to the application for mandamus that the plaintiff had previously obtained a mandamus absolute to compel the respondents to levy a tax to pay the warrants.

8. The judge did not err in granting the mandamus absolute.

*Judgment affirmed. All the Justices concur.*

GILBERT, J., concurring specially. I concur in the judgment rendered in this case, on the theory that the validity of the contract is not raised in this suit.