## AUSTIN-WESTERN ROAD MACHINERY CO. *v.* DOUGLAS *et al.*

No. 9781. MARCH 3, 1934.

*Kelley & Dickerson,* for plaintiff. *C. A. Williams,* for defendant.

BECK, P. J. Austin-Western Road Machinery Company filed its petition against J. W. Douglas, chairman, and others. The court sustained a general demurrer to the petition and dismissed the action. The petitioner excepted. The prayer was for mandamus to compel the levying of a special tax to pay certain county warrants which had been issued to petitioner in the year 1925 by a board of commissioners, whose members at the time of the institution of the proceedings had gone out of office. When the first mandamus proceeding was instituted to compel the levying of the tax referred to,

the judge granted a mandamus absolute, and the respondents excepted. In a decision rendered on September 17, 1931, this court reversed that judgment. *Douglas* v. *Austin-Western Road Machinery Co.,* 173 *Ga.* 386 (160 S. E. 409). But subsequently to the bringing of the mandamus proceedings referred to above, the judge of the superior court, in another proceeding, granted a mandamus absolute, requiring entry on the minutes of the county commissioners of a contract for sale and delivery to the county of culverts to be paid for upon delivery by issuance of warrants on the county treasury; and this court affirmed that judgment. *Douglas* v. *Austin-Western Road Machinery Co.,* 173 *Ga.* 834 (161 S. E. 811). These two cases have reference to the same contract and warrants involved in the present contract, and the contract was entered on the minutes of the commissioners.

When the contract was entered on the minutes of the commissioners, in obedience to the mandamus absolute referred to above, there was no longer the objection to the validity of the warrants, which was the basis of the decision in the first case cited above; and there was then a presumption of law, under the allegations of the petition, that the county warrants issued were for a legally incurred indebtedness, the allegations being admitted by the demurrer. The demand of the petitioner was for a liquidated amount; and if for any reason the contract is illegal and unenforceable, or if there have been intervening equities or other warrants issued which under the law would have precedence over the claims of petitioner, it may be shown by evidence on the trial; but the petition was not open to attack by general demurrer, and the court erred in dismissing the case.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*