DOUGLAS *et al.*, commissioners, *v.* AUSTIN-WESTERN ROAD MACHINERY COMPANY.

No. 10402. DECEMBER 14, 1934.

*C. A. Williams* and *Wilson, Bennell & Pedrick,* for plaintiffs in error.

*Kelley & Dickerson,* contra.

BELL, Justice. Austin-Western Road Machinery Company filed a petition for the writ of mandamus against the Commissioners of Roads and Revenues of Bacon County to compel the levying of a special tax to pay certain county warrants which had been issued to the plaintiff in the year 1925, in behalf of the county. The defendants filed a general demurrer which the court sustained; and this judgment was reversed. *Austin-Western Road Machinery Co.* v. *Douglas,* 178 *Ga.* 642 (173 S. E. 386). For other decisions relating to same subject-matter, see *Douglas* v. *Austin-Western Road Machinery Co.,* 173 *Ga.* 386 (160 S. E. 409); *Douglas* v. *Austin-Western Road Machinery Co.,* 173 *Ga.* 834 (161 S. E. 811). The defendants filed an answer to the present suit in due time, and later offered two amendments which the court allowed. When the case was called for trial the court sustained a general demurrer to the answer as amended, dismissing the same in its entirety, and entered a final judgment granting a mandamus absolute. The defendants then brought the case to this court, assigning error upon the sustaining of the general demurrer to the answer as amended and upon the final judgment. The plaintiff's suit was based upon an order alleged to have been given in behalf of the county for culvert piping, and upon county warrants issued for the purchase-price after the alleged furnishing of such culvert and the acceptance thereof in accordance with the order. The following is a copy of the material portions of the order as attached to the petition:

"Culvert Pipe Order Form to The Austin-Western Road Machinery Company, Chicago.

"$7350.00                    December 20, 1924.

"Please ship to J. D. Taylor, at Alma, County of Bacon, State of Georgia, on or about at once, via A. B. & A. R. R. [Specified piping in quantities and at prices stated.]

"We hereby agree to receive the above pipe and accept the same subject to the guarantee on the back of this order, and agree to the following terms of settlement. Will give warrant first meeting after culverts arrive, same to bear interest at 7% until paid.

"Signed on behalf of Bacon County. Official title:

"Signature: J. D. Taylor, Ordinary and Chairman.

"AO-2287. From factory by freight. Alma, Ga.

"Send bill to J. D. Taylor, Ord. and Chr., Alma, Ga."

On the back of the order was the following: "Guarantee. The goods specified on the reverse side of this order are guaranteed to be thoroughly serviceable and practical for the purpose for which they are designed. If found defective in either material or workmanship, we agree to replace such defective parts free of charge, F. O. B. factory. Claims for defective parts must be made within one year from date of sale. The Austin-Western Road Machinery Co., Chicago."

The plaintiff alleged that on or about January 15, 1925, it shipped to Bacon County the piping referred to in the foregoing order, and that such piping was accepted and used by the county. In response to this averment the defendants alleged that they were unable either to admit or deny the same, for want of sufficient information. The plaintiff attached to the petition copies of the county warrants alleged to represent the balance due. Paragraph 8 of the petition was as follows: "That the road culvert piping purchased by Bacon County acting by and through its then Board of Commissioners, and which was shipped and delivered to the defendants herein, on or about January 15th, 1925, and which were accepted by the defendants herein named, were legitimate items of current expense of Bacon County, Georgia, and said material was necessary for proper maintenance and construction of roads in Bacon County, and said material could have been paid for out of money in the proper fund of the treasurer of Bacon County, Georgia, at the time of the purchase, or from money which could have been lawfully raised by taxation during the year of the purchase, 1925." To this paragraph the defendants responded by denying "the allegations therein contained." The defendants admitted the execution of the county warrants as alleged; and in view of the rule that allegations concerning a defendant's own acts are not properly met by an averment of inability either to affirm or deny because of lack of information, without further explanation (*Smith* v. *Champion,* 102 *Ga.* 92 (2), 29 S. E. 160); Civil Code of 1910, § 5637), the answer must be considered as admitting the acceptance and use of the piping as alleged in the plaintiff's petition. The answer con-

tained nothing, however, to oust the unqualified denial of the allegations contained in paragraph 8; and this is true notwithstanding the amendment to the answer wherein the defendants averred that the contract relied on by the plaintiff was consummated in the year 1924, and was illegal for the reason that there was not, at the time of incurring such liability, a sufficient sum in the county treasury which might be lawfully appropriated to the payment thereof, nor could an amount sufficient to discharge the same be lawfully raised by taxation during the current year. A defendant may file contradictory pleas, and an answer should not be stricken merely because in different parts it may attempt to assert contradictory defenses. *Wade* v. *Watson,* 129 *Ga.* 614 (2) (59 S. E. 294); *Wheeler* v. *Salinger,* 33 *Ga. App.* 300 (6) (125 S. E. 888); Civil Code (1910), § 5649. It should be noticed in this connection that the plaintiff relied upon the contract as having been made in the year 1925, and alleged facts to show its validity as one creating a liability in that year. The defendants denied the allegations thus made, but thereafter amended their answer by asserting as a different defense that the contract was made in the year 1924, and as a contract of that year it was illegal for reasons stated. As we view the case, after construction of the pleadings, only two substantial questions are involved: (1) Whether the contract was consummated in the year 1924 or in the year 1925. (2) Whether the denial of the allegations of paragraph 8 was sufficient to raise an issue of fact and thus to prevent a dismissal of the answer on general demurrer.

■ Whether or not the order for the culvert might have been accepted in some other manner, it amounted upon its face to a mere offer to contract and was such that it could be accepted by the shipping of the material within a reasonable time. The petition shows this mode of acceptance and no other. The piping was shipped in January, 1925, and was accepted and used by the county. Warrants were thereafter issued for the purchase-price as proposed in the order. An offer may contemplate acceptance by the doing of an act, and if the act be performed while the offer is in life, a binding contract is created, so far as the question of mutuality is concerned. *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410); *Sivell* v. *Hogan,* 119 *Ga.* 167 (3) (46 S. E. 67); *Atlanta & West Point Railroad Co.* v. *Camp,* 130 *Ga.* 1 (3) (60 S. E. 177, 15 L.

R. A. (N. S.) 594, 124 Am. St. R. 151, 14 Ann. Cas. 439) ; *Robson* v. *Weil,* 142 *Ga.* 429 (83 S. E. 207) ; *Hollingsworth* v. *Peoples Bank,* 179 *Ga.* 704 (177 S. E. 743) ; *Anderson* v. *Mangham,* 32 *Ga. App.* 152 (123 S. E. 159), and cit. Thus the order given for the culvert did not culminate into a contract until acceptance by the shipping of the material in the year 1925, and the liability must therefore be treated as one arising in that year, and not in the year 1924, as contended by the defendants. The "guarantee" on the back of the order did not amount to an acceptance, because it appears that the order was entered upon a "form" of which the guarantee was an existing part, thus becoming a mere condition of the offer as made to the machinery company. In the decision in 173 *Ga.* 834, 839 (supra) it was stated that "the endorsement upon the order shows the acceptance and assent to the terms of the order by the Austin-Western Road Machinery Company." The defendants rely upon this language as deciding that the contract was made in 1924. The question now before the court was not at that time presented, and the quoted statement did not purport to deal with any such question. The defendants also refer to a statement in the opinion of the trial judge quoted in *Maddox* v. *Highway Iron Products Co.,* 172 *Ga.* 133, 137 (157 S. E. 269), to the effect that the date of the accepted order fixed the date of the contract and the time when the liability was incurred. Whether or not that statement became a part of the decision of this court, it specially referred to an "accepted order," and whether or not it be true that the order involved in that case was in fact accepted as indicated, the opinion was based upon the theory of an acceptance, and, as a legal proposition, is not contrary to the conclusion reached in the case at bar.

It appears in the instant case that the order for the piping was dated December 20, 1924. In 23 R. C. L. 1285, § 101, it is stated: "Where a written order for goods is solicited and received by the seller, this implies an acceptance by him of the order so received, and no further notice of acceptance is necessary to render the contract binding." The defendants rely upon this statement as authority for the contention that the order here in question resulted in a contract in the year 1924. The defendants have also called attention to certain cases having reference to the same question: Cameron Coal Co. *v.* Universal Metal Co., 26 Okla. 615 (110 Pac. 720,

31 L. R. A. (N. S.) 618) ; Kessler *v.* Smith, 42 Minn. 494 (44 N. W. 794) ; Howard *v.* Daly, 61 N. Y. 362 (19 Am. R. 285). Even if we should concede the correctness of this contention, the record fails to show its applicability in the instant case, because it does not appear that the written order for the goods was solicited by the plaintiff. Furthermore, the transaction was one falling within the statute of frauds; and unless the order was acted upon in such manner as to avoid the statute, the plaintiff could not have been charged therewith, in the absence of an acceptance by signature. Civil Code (1910), § 3222. So long as the plaintiff was not bound, the county was not. *Sivell* v. *Hogan,* supra; *Atlanta Buggy Co.* v. *Hess Spring &c. Co.,* 124 *Ga.* 338 (52 S. E. 613, 4 L. R. A. (N. S.) 431). We conclude that no contract or mutual agreement existed between the parties until the shipment of the culvert in January, 1925. The county authorities did not attempt to create a liability in the year 1924; and so much of the amended answer as attacked the validity of the contract as one of that year was insufficient to present a defense.

◾ The plaintiff alleged, however, that the contract arose in the year 1925, and that the material could have been lawfully paid for out of money in the county treasury at that time, or from money which could have been lawfully raised by taxation "during the year of the purchase, 1925." Since the claim had been liquidated by the issuance of county warrants, it may not have been necessary for the plaintiff to make these allegations. *Neal Loan & Banking Co.* v. *Chastain,* 121 *Ga.* 500 (6) (49 S. E. 618) ; *Maddox* v. *Anchor Duck Mills,* 167 *Ga.* 695 (146 S. E. 551) ; *Blue Island State Bank* v. *McRae,* 169 *Ga.* 279 (150 S. E. 151) ; *Austin-Western Road Machinery Co.* v. *Douglas,* supra. But, without reference to the burden of proof, the allegations were nevertheless *made,* and were met by an adequate denial. In these circumstances an issue of fact was raised by the answer, and it was error to sustain the general demurrer and to strike the answer as a whole. See, in this connection: Civil Code (1910), § 5636; *City of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696 (6), 733 (32 S. E. 907) ; *Atlanta K. & N. Railway Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818) ; *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244) ; *Kaufman* v. *Young,* 32 *Ga. App.* 135 (122 S. E. 822).

Since the subject-matter of this suit has already been the cause of so much litigation, this court will exercise its power "to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case." Civil Code (1910), § 6205. The judgment will be reversed, with direction that upon the succeeding trial the court will confine the issues to those presented by the plaintiff's allegations as to the legality of the contract and the defendant's denial thereof, as referred to in the preceding division.

*Judgment reversed, with direction. All the Justices concur.*

Atkinson, J., concurs in the result.