EXCHANGE NATIONAL BANK OF ROME, for use, etc.,
v. ALFORD *et al.*

No. 12485.   NOVEMBER 16, 1938.

62

*Wright & Covington,* for plaintiff.

*Neel & Ault* and *Finley & Henson,* for defendants.

BELL, Justice. (After stating the foregoing facts.) Counsel for the plaintiff concede that the cause of action is barred unless the facts pleaded by amendment are sufficient to toll the statute of limitations. Code, § 3-705. The amendment alleged that the note sued on was a renewal of a promissory note dated April 28, 1924, payable to the Exchange National Bank of Rome, and signed by W. L. Alford as principal and Mrs. Laura Alford as indorser; and that on July 10, 1924, the payee of the note, Exchange National Bank of Rome, executed and delivered to Mrs. Alford an instrument reading as follows: "The Exchange National Bank of Rome, Georgia, does this day hereby agree—not to call on Mrs. Laura Alford for payments on a note of W. L. Alford dated April 28th, 1924, due in twelve months, for any interest or principal, or

any renewal of this paper during her natural life." It was further alleged that "Mrs. Laura Alford accepted said instrument, retained the same, and agreed to the terms thereof, and had it in her possession at the time of her death." Two theories are advanced by the plaintiff to support its contention that the cause of action is not barred by the statute of limitations: (1) the instrument dated July 10, 1924, was a valid contract, and had the effect of tolling the statute as to the cause of action against Mrs. Alford, until her death; and (2) the defendant is estopped from pleading such statute. We can not sustain either of these contentions.

The instrument of July 10, 1924, and the other facts pleaded show no more than a voluntary promise on the part of the creditor; which was not binding upon it; Mrs. Alford having given or promised nothing in return for the promise of the bank not to call on her for payment "during her natural life." It is argued in the brief for the plaintiff that Mrs. Alford accepted the promise of the bank and agreed to the payment of the note at her death, and that these mutual promises constituted a binding contract. She had already promised payment by her act of indorsement. Even if a superadded promise that the note would be paid at her death would have been a sufficient consideration for the promise of the bank, no such promise is disclosed by the record. The alleged contract was plainly unilateral and lacking in mutuality, and therefore unenforceable by either party. *Morrow* v. *Southern Express Co.,* 101 *Ga.* 810 (28 S. E. 998); *Cooley* v. *Moss,* 123 *Ga.* 707 (2) (51 S. E. 625); *Simpson* v. *Sanders,* 130 *Ga.* 265 (60 S. E. 541); *Burton* v. *Jernigan,* 23 *Ga. App.* 565 (99 S. E. 56); *Manget* v. *Carlton,* 34 *Ga. App.* 556 (3) (130 S. E. 604). The maturity was not extended, and the bank could have sued as soon as the note matured according to its terms. *Crawford* v. *Gaulden,* 33 *Ga.* 173 (4); *Druid Hills* v. *Doughman,* 171 *Ga.* 521 (156 S. E. 229); *Mobley* v. *Murray County,* 178 *Ga.* 388 (173 S. E. 680); *Matthews* v. *Richards,* 13 *Ga. App.* 412 (2) (79 S. E. 227); *Gay* v. *Carpenter,* 35 *Ga. App.* 768 (3) (134 S. E. 803). If a request for such indulgence had been written and signed by Mrs. Alford, and the bank had complied with such request, a different question would have been presented. *Douglas* v. *Austin-Western Road Machinery Co.,* 180 *Ga.* 29 (177 S. E. 912); McLearn *v.* Hill, 276 Mass. 519 (177 N. E. 617, 77 A. L. R. 1039). "A new promise, in order

to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, shall be in writing, either in the party's own handwriting, or subscribed by him or someone authorized by him." Code, § 3-901.

The second question is whether the facts alleged were sufficient to estop the defendant from asserting the bar of the statute of limitations. It was alleged that in accordance with the instrument of July 10, 1924, the bank refrained from calling on Mrs. Alford during her lifetime for any payments on the indebtedness for which she was liable as indorser, and therefore that the terms and conditions of the instrument had been fully complied with. The defendant contends that the bank violated the terms of its promise when it obtained a renewal of the original indebtedness on April 28, 1925, about nine months after the execution of the written instrument pleaded by it. Assuming that the bank fully complied with its promise, we do not perceive that the result should be different. If there is any estoppel, it must result from the facts stated in the following allegations: "Mrs. Laura Alford accepted said instrument, retained the same, and agreed to the terms thereof, and had it in her possession at the time of her death." This averment does not show sufficient basis for an estoppel. It was not alleged that the bank allowed its cause of action to become barred by reason of reliance upon any express promise by Mrs. Alford that the debt would be paid upon her death (compare *Stovall* v. *Hairston*, 55 *Ga.* 9), and the most that the petition showed is mere acquiescence by Mrs. Alford in the voluntary promise of the bank not to call on her for payment during her lifetime. While the silence of one under a duty to speak may work an estoppel, Mrs. Alford was not under such a duty. In the circumstances alleged, her silence could not be taken as a promise that the indebtedness would be paid on her death, or as ground for estopping her administrator to plead the statute of limitations. The doctrine of estoppel is not applicable for the protection of one who has suffered loss solely by reason of his own act or omission. *McNabb* v. *Houser*, 171 *Ga.* 744 (3) (156 S. E. 595, 74 A. L. R. 1122); *Johnson* v. *Ellis*, 172 *Ga.* 435 (5) (158 S. E. 39). The court did not err in sustaining the demurrer and dismissing the action. *Judgment affirmed. All the Justices concur.*