[S. F. No. 15467. In Bank.—March 17, 1936.]

CHARLES A. KUENZELL et al., Appellants, v. CALIFORNIA MUTUAL BUILDING AND LOAN ASSOCIATION (a Corporation in Liquidation), Respondent.

Pierre A. Fontaine for Appellants.

David C. Dutton for Respondent.

THE COURT.—On March 25, 1935, Kuenzell and others filed a petition pursuant to the Mortgage Moratorium Act of January 31, 1935 (Stats. 1935, p. 56), to postpone sale of real property under a trust deed. The beneficiary filed a demurrer to the petition, which the court sustained without leave to amend on the ground that the petition was not filed within the time specified by the act. From the judgment entered on the court's order the petitioners have appealed.

A notice of the petitioners' default under the trust deed had been recorded in November, 1934. The act became effective on January 31, 1935. Section 3 thereof provided that at any time within thirty days from the effective date of the act, or within thirty days from the recording of the notice of default, but in any event not later than September 1, 1935, the trustor under a deed of trust may file a petition in the superior court praying for an order postponing the sale of the property under the trust deed. The petition herein was filed on a day subsequent to the expiration of the thirty-day period from the effective date of the act.

The notice of default having been recorded prior to the effective date of the act, the plain provisions of the act required the trustors to file their petition within the thirty-day period following the effective date of the act. No argument or statement of fact is made which can excuse the petitioners' failure to bring themselves within those provisions. This is a moratorium act and the debtor must comply with its provisions in order to be entitled to relief under it. The petitioners had their opportunity to invoke the benefits of the act by filing their application in time. Their failure so to do left the trustee free to perform the duties of his trust. This result is made apparent by reason of the additional provision in section 2 of the act that during the thirty-day period following the effective date of the act no sale could be held by the trustee. This court may not rewrite the act to accord with the petitioners' contention that an application might be filed by them at any time up to September 1, 1935.

The judgment is affirmed.