[L. A. No. 15649. In Bank.—May 15, 1936.]

MANERVA D. BENNETT, as Executrix, etc., Appellant, v. CALIFORNIA TRUST COMPANY (a Corporation) et al., Respondents.

T. Frank Courtney for Appellant.

Swanwick, Donnelly & Proudfit and Tom W. Henderson for Respondents.

SHENK, J.—The respondents moved to dismiss the appeal or affirm the judgment under rule V, section 3.

The appeal is from an order denying the petitioner's second application for an order to postpone the sale of real property under a trust deed. This application was filed on July 19, 1935, by the petitioner as executrix of the will of William H. Bennett, deceased, pursuant to the Mortgage and Trust Deed Moratorium Act of 1935. (Stats. 1935, p. 1208.) After hearing the court made its findings and concluded therefrom that the petitioner had not made a sufficient showing for relief under the act. The sole point made on the appeal is that the court abused its discretion in denying the relief sought.

The facts upon which the court based its conclusion are briefly the following: In his lifetime, William H. Bennett and the petitioner, his wife, executed two notes, one for $6,000, due May 21, 1932, and the other for an additional $6,330 due July 15, 1933. These notes were secured by deeds of trust on the real property which is now a portion of the estate of William H. Bennett, deceased. At the times hereinafter mentioned there remained unpaid on the principal of the first note the sum of $5,400 with interest from August 21, 1932. On the second note apparently no part of the principal or interest had been paid. There was also due under the terms of the deeds of trust certain sums advanced by the beneficiary to pay taxes and improvement bond assessments. The property covered by the trust deeds was appraised at $25,000, and the net worth of the estate was shown to be about $60,000.

On April 19, 1935, the petitioner, as such executrix, commenced a proceeding pursuant to the provisions of the first 1935 Moratorium Act (Stats. 1935, chap. 7), for an order postponing a sale pursuant to the deeds of trust. An order of postponement to September 1, 1935, was granted by the court to which that application was made. The order was conditioned upon the payment by the executrix to the respondents on or before June 1, 1935, of the sums advanced to relieve the property of the liens for taxes and improvement bond assessments, which aggregated at that time about $1,000, together with interest due on such advancements; and upon the further payment by the executrix to the respond-

ent of the sum of $25 per month which was shown to be all the revenue derived from the property covered by the deeds of trust. The court reserved the power to modify or annul the order upon a showing that the conditions of the postponement were not complied with. On June 5, 1935, the respondents in that proceeding made a motion for a vacation of the order on the ground that the terms and conditions thereof had not been performed by the petitioner. Upon hearing, the motion was granted and the order of postponement was discharged.

At the time of the hearing on the second application, filed on July 19, 1935, there was a total of $2,254.72 due from the estate for advancements on account of taxes, etc., together with interest thereon. It further appeared that no payments had been made on account of said advancements, nor any further sums paid on account of the principal or interest of said notes. The court on denying relief upon this second application found that the petitioner, as executrix and individually, was and had been for a long time past wholly unable and unwilling to comply with the provisions of any order granting relief under the Moratorium statute. There was no showing made before the court of any present ability to comply with any order of extension made on condition that moneys advanced for taxes, etc., be reimbursed to the beneficiary, should such an order be made.

▇ The contention that the foregoing facts do not support the finding of the court that no equitable grounds exist for a further order of postponement and that an abuse of the exercise of the court's discretion in making the order denying the present application is shown, cannot be deemed meritorious. The petitioner does not question the support for the finding that she was unable to reimburse the beneficiary for advances theretofore made, nor was there any showing that such payments could have been made within a reasonable time. The petitioner in this connection questions the truth of the finding that she was "unwilling" to comply with an order for payment of advancements. It is mere pretense, however, for one to insist that he is willing to pay when he is unable to do so. ▇ The substance of the petitioner's position on this appeal is that she was entitled to the relief sought merely upon a showing of inability to perform any of the obligations or make any of the payments required by the

deed of trust. Such is not the effect of the Moratorium Act. While the main object of the act is to preserve the investments of the owners of the property, the means to that end is designed as well to protect the interests of creditors. (Sec. 31, Stats. 1935, pp. 1208, 1216.) By section 5 of the act the court was given power to make its order of postponement if it found equitable grounds for relief, otherwise to dismiss the proceedings. Whether such equitable grounds existed was a question addressed primarily to the sound discretion of the court on the hearing of the application. No abuse of the court's exercise of such discretion has been shown. Other points do not require discussion.

The motion is granted and the judgment is affirmed.

Curtis, J., Conrey, J., Langdon, J., and Waste, C. J., concurred.