[Civ. No. 11064.   Second Appellate District, Division One.—January 8, 1937.]

N. CHRISTINA, Appellant, v. ANNA L. McLOUGHLIN, Respondent.

Louis Ferrari, Edmund Nelson, Howard Waterman and Freston & Files for Appellant.

Durley & Downes and Henry S. Downes for Respondent.

BISHOP, J., *pro tem.* — From the judgment dismissing his complaint, following an order sustaining demurrer thereto without leave to amend, plaintiff has appealed. We find plaintiff's cause of action for a deficiency judgment to be barred by the statute of limitations, despite the moratorium acts relied upon, and as the bar of the statute was properly presented by demurrer, the judgment of dismissal should be affirmed.

We take the facts of the case, of course, from the amended complaint. The defendant had agreed, in the note upon which plaintiff sues, to pay $22,500 and interest on March 19, 1930. The terms of the trust deed by which the note was secured are not known to us, further than that a corporation was named as trustee with power of sale in the event of default. The note was declared to be in default in July, 1934, by a duly recorded notice of default and election to sell. No sale had been made up to March 12, 1935, when the owner of the property covered by the deed of trust "filed a proceeding in the Superior Court . . . that the said petition was filed pursuant to chapter 7, statutes of 1935, and pursuant to the provisions thereof the beneficiary under the said deed of trust was prevented from completing the sale under the provisions of the said deed of trust". No order was made in the proceeding until September 6, 1935. On September 10, 1935, the property was sold under the trust deed, and this action for the deficiency was commenced December 19, 1935.

A demurrer was interposed to the amended complaint, upon the ground, among others, that it appeared that the action had not been commenced within the time limited by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure. That subdivision provides that "an action upon any contract, obligation or liability founded upon an instrument in writing" must be brought within four years. The section then continues (since 1933): "°. . . provided that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not

extend beyond three months after the time of sale under such deed of trust or mortgage''.

A demurrer raising the statute of limitations should be sustained if it appears from the face of the complaint that the cause of action is barred. (*Frantz* v. *Mallen*, (1928) 204 Cal. 159 [267 Pac. 314]; *Consolidated R. & P. Co.* v. *Scarborough*, (1932) 216 Cal. 698 [16 Pac. (2d) 268].) The demurrer was sustained, and one would say that it obviously should have been, both because the action was brought more than three months after the foreclosure sale, and more than four years after the note became due. Appellant seeks to escape this conclusion by contending that the three months' limitation is unconstitutional and that the four year statute was extended by the two moratorium statutes appearing as chapters 7 and 348 of the Statutes of 1935.

The contention that the provision is unconstitutional which limits the time to three months within which an action for a deficiency may be brought, is based on the ground that there is no such fundamental difference between a note which once had been, but is no longer, secured by a trust deed, and one which never was so secured, that the legislature may provide a shorter period for bringing an action on the one than on the other. In developing his argument, appellant insists that from the time of the foreclosure sale on, the two notes stand alike; that their previous status should not be taken into account for the purpose of testing the validity of the legislation claimed to be discriminatory and special in nature. We are of the opinion that the legislature had ample grounds for the distinction made. The pleadings and proof in the one case would of necessity be different from those in the other, as the advantages to the creditor had been. The factual differences in the history of the two kinds of notes justified a different statute of limitations for one than the other. We have concluded, therefore, that inasmuch as appellant failed to file his complaint within three months after the foreclosure sale, he filed it too late.

Were this not so, it still appears that the demurrer was properly sustained, for plaintiff commenced his action more than four years after the obligation became due on

which he sued, and it does not appear that his time was extended by the moratorium statutes. Appellant relies upon section 8 of chapter 7, Statutes of 1935, page 60, which provides: ''Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by mortgage, deed of trust or contract of purchase of real property, would expire by virtue of section 337 of the Code of Civil Procedure during the period of postponement ordered pursuant to the provisions of this act, such time is hereby extended to the extent of such period of postponement.'' But we find no period of postponement affecting appellant's case. It is true, by section 2 of the act, the sale under the trust deed which secured appellant's note was postponed until March 2 or 3, 1935, but the four years he had within which to bring his action did not expire until March 19, 1935. The complaint does not allege sufficient facts so that it can be said that the proceeding which was commenced, had it been begun in time, would have been sufficient to postpone the sale beyond the early days of March. The allegations in this regard are mere conclusions of law. Moreover, there is not even a conclusion of law that a *lis pendens* had been filed. But accepting the complaint as sufficient in its portrayal of the nature of the proceeding, it affirmatively appears that it was commenced too late, because more than thirty days after the default notice was recorded and more than thirty days after the effective date of the act (Jan. 31, 1935). The proceeding to stay the sale was, therefore, without any legal effect (*Kuenzell* v. *California Mutual B. & L. Assn.*, (1936) 5 Cal. (2d) 626 [55 Pac. (2d) 481]), and there was no postponement, ordered or otherwise provided by chapter 7, *supra*, which extended appellant's time to file this action beyond March 19, 1935. Without an extension under the terms of chapter 7; chapter 348, *supra*, availed appellant nothing.

The demurrer was properly sustained, and the judgment is affirmed.

Houser, P. J., and Doran, J., concurred.