[Civ. No. 11542. Second Appellate District, Division One.—September 15, 1938.]

H. W. EVERTS, Appellant, v. NEWHOUSE INCORPORATED, LTD. (a Corporation), Respondent.

Louis Ferrari, Edmund Nelson, Hugo A. Steinmeyer and Howard Waterman for Appellant.

C. Roy Smith and Stacy H. Aspey for Respondent.

WHITE, J.—Plaintiff acquired ownership of a $4,741 note and trust deed which had been executed by defendant on February 21, 1934. On July 9, 1935, a notice of default under the trust deed was recorded, and on November 8, 1935, the real property was sold under the terms of the trust deed, leaving a deficiency of $2,252.65.

On June 6, 1936, an action was commenced in the Superior Court of Los Angeles County to recover the deficiency. Defendant answered, setting up as an affirmative defense that the amended complaint did not state facts sufficient to constitute a cause of action against it for the reason that the action, being one for a deficiency judgment, was not commenced within three months after the date of the sale of the real property under the terms of the trust deed. After trial, wherein the facts were not disputed, the trial court concluded that the action was barred by subdivision 1 of section 337 and section 580a of the Code of Civil Procedure, and accordingly rendered judgment for defendant. From the judgment plaintiff prosecutes this appeal, bringing the matter before us only upon the judgment roll.

The sole question presented to us is whether this action to recover a deficiency judgment is barred by subdivision 1 of section 337 and section 580a of the Code of Civil Procedure, which limit the time for commencement of such actions to three months after the sale under the deed of trust; or whether, as contended by appellant, the limitations contained in the aforesaid sections were extended by the provi-

sions of section 19 of the Moratorium Act of 1935. (Stats. 1935, chap. 348; Deering's 1935 Supp., Act 5104a, p. 1341.)

The section of the Moratorium Act here involved provides as follows:

"Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by mortgage, deed of trust or contract of purchase, or founded upon any guarantee of such obligation or any contract of suretyship therefor or any endorsement of such instrument, would expire by virtue of section 337 of the Code of Civil Procedure, or by virtue of the provisions of chapter VII, Statutes of 1935, or any other provision of law, during the period commencing with the effective date of this act and ending on February 1, 1937, such time is hereby extended so as not to expire until the first day of July, 1937."

We find no merit in respondent's claim that section 19 of the Moratorium Act applies only to actions predicated upon written instruments secured by mortgage, deed of trust or contract of purchase before any sale has been had under such mortgage, deed of trust or contract of purchase and is inapplicable after the security is exhausted by such sale, at which time, respondent argues, the action to recover a deficiency judgment is upon an unsecured instrument.

The positive and direct language of the moratorium statute involved provides that the extension has to do with actions "founded upon a written instrument secured by mortgage, deed of trust, or contract of purchase", etc. An action to recover a deficiency judgment is manifestly "founded" upon the instrument secured by the mortgage, deed of trust, contract of purchase or other contract whereby the security is given. It is the instrument *secured by the deed of trust* which gives rise to the action for a deficiency judgment; and as pointed out in an able and well-considered opinion by Mr. Justice Haines, sitting *pro tempore* in the Fourth District Court of Appeal, in the case of *Bakersfield Home Bldg. Co. v. J. K. McAlpine Land & Dev. Co., Ltd.*, 26 Cal. App. (2d) 444 [79 Pac. (2d) 410] (hearing denied by the Supreme Court, July 18, 1938), since such an action as the one with which we are here concerned is on the instrument secured (though not on the instrument that affords the security), such action is unquestionably included among those to which the moratorium privilege is expressly extended. (See, also,

*Harris* v. *Fitting,* 9 Cal. (2d) 117 [69 Pac. (2d) 833].) Therefore we hold that the time for commencing the present action was, before it had expired, extended by the moratorium legislation here discussed to July' 1, 1937, and consequently that the action was brought in time.

For the foregoing reasons, the judgment is reversed and the cause remanded, with directions to the court below to enter judgment for plaintiff.

York, P. J., and Doran, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1938. Curtis, J., and Edmonds, J., voted for a hearing.