[Civ. No. 11186.   First Appellate District, Division Two.—May 2, 1940.]

LILLIAN WILMANS, Appellant, v. MAX WEISSMAN et al. Respondents.

694

Jos. I. McMullen and Bruce McMullen for Appellant.

Joseph A. Brown and A. E. Cross for Respondents.

STURTEVANT, J.—The plaintiff brought this action to recover on a promissory note. To her third amended complaint the defendants interposed a demurrer. The demurrer was sustained without leave to amend and from the judgment entered thereon the plaintiff has appealed.

The payment of the note sued upon was formerly secured by a second deed of trust. But the first deed of trust was foreclosed and at the sale the property was sold for a sum less than the amount of the first obligation. It will not be necessary to again refer to the second deed of trust.

On April 20, 1930, the defendants executed their promissory note in favor of the plaintiff. The principal named in the note was $5,000. It was payable one year after date. This action was commenced on October 11, 1937. In their

demurrer the defendants pleaded the statute of limitations. (Code Civ. Proc., subd. 1, sec. 337.) Under the foregoing facts the demurrer was properly sustained as the action was not commenced within four years after the promissory note fell due and payable unless the delay was accounted for by other allegations contained in plaintiff's pleading. The plaintiff claims that notwithstanding the foregoing facts the demurrer should not have been sustained for several different reasons. We will take up those reasons one at a time and state the facts on which they were based.

In the amended complaint the plaintiff alleged the enactment of certain moratorium acts, chapter 7, Statutes 1935; chapter 348, Statutes 1935; chapter 5, Statutes 1937, and chapter 167, Statutes 1937. The moratorium acts enacted by our state legislature are numerous. One class of those acts provided a procedure by which a debtor might go into court and obtain an order providing that certain proceedings might not be had and taken against the debtor until a certain date not distant later than the date designated in the statute. The other class of said statutes, in definite terms, provided an extension of time. Chapter 7, Statutes of 1935, fell in the first-class above mentioned. In her complaint the plaintiff did not claim that an order of court had been made. It is apparent therefore that said statute is of no help to her. Chapter 348 of the Statutes of 1935 took effect on June 21, 1935. It provided in section 19 that obligations which would expire during the period commencing with the effective date of that statute and ending on February 1, 1937, the time was extended so as not to expire until the 1st day of July, 1937. However said statute took effect June 21, 1935, and according to the facts of the present case the statute of limitations, Code of Civil Procedure, section 337, had expired on May 1, 1935. Under those circumstances said statute was inapplicable. (16 Cal. Jur. 399, and cases there cited.) Both chapter 5 and chapter 167, Statutes of 1937, provided an extension of the time set forth in section 19 of chapter 348 of the Statutes of 1935. We have just shown that the latter statute was not applicable and it is therefore obvious that chapters 5 and 167 of the Statutes of 1937, purporting to amend chapter 348 of the Statutes of 1935, are not helpful to the plaintiff.

696

■ In paragraphs 4 and certain other paragraphs of her pleading, the plaintiff alleged that when the first default of the defendants occurred the defendant Max Weissman requested plaintiff to refrain from commencing proceedings against them, and in consideration of her forbearance promised to pay the accrued interest and principal when able. It is clear that forbearance is sufficient to constitute a valid consideration although it must be under an agreement to forbear, mere forbearance alone being insufficient. (*Estate of Thomson,* 165 Cal. 290 [131 Pac. 1045].) However, a careful reading of plaintiff's complaint does not disclose that the plaintiff agreed to forebear, nor, if so, the terms of such agreement. When the defendants executed the note in suit they promised to pay it. That exhausted that promise as a consideration. To support a contract to forbear a new consideration was necessary. (*Smith* v. *Parlier Winery, Inc.,* 7 Cal. App. (2d) 357 [46 Pac. (2d) 170]; *Jordan* v. *Scott,* 38 Cal. App. 739, 743 [177 Pac. 504]; *Exchange Nat. Bank, Use of Nat. City Bank* v. *Alford,* 187 Ga. 60 [200 S. E. 128, 120 A. L. R. 761].) But the plaintiff does not allege a new consideration to support her contract to forbear; she alleges in effect, the defendants repeated their promise to pay. Those facts did not create a contract to forbear.

■ In the paragraph last mentioned, and in other paragraphs, the plaintiff alleged the defendants promised to pay the accrued interest and principal when able. She also alleged that they did not pay. She does not allege that at any time they were able to pay. But she charged they acted fraudulently. It is statutory that the making of a promise without any intention of performing it, committed by a party to a contract with intent to deceive another party thereto, or to induce him to enter into the contract, is actual fraud. (Civ. Code, sec. 1572, subd. 4.) However, the plaintiff's complaint does not allege the promise of defendants was made without any intention of performing it, or that it was made with intent to deceive the plaintiff or to induce her to enter into a contract of forbearance. Therefore, the purported allegations of fraud were insufficient. (*Ayers* v. *Southern Pac. R. Co.,* 173 Cal. 74, 79 [159 Pac. 144, L. R. A. 1917F, 949].)

■ In her next point the plaintiff alleges: "That defendants having solicited an extension of the statute of limitations from plaintiff, and plaintiff, relying on the good faith of

defendants and in consideration of their promises, having refrained from bringing an action, defendants are estopped from taking advantage of such forbearance solicited by them to plead the statute of limitations.'' This point is but a different method of stating the contentions of the plaintiff which we have just discussed. We find no merit in the contention. The facts recited would not have precluded this plaintiff from commencing her proceedings at any time after the defendants defaulted in their payments. As she would not have been estopped, the defendants were not. An equitable estoppel must be mutual and reciprocal, that is, it must bind both parties or neither. (10 Cal. Jur. 627; 10 R. C. L. 839.) The estoppel contended for could have no more force or effect in binding the parties than would a contract including the very subject matter urged by way of estoppel. (*Thompson* v. *Doaksum,* 68 Cal. 593, 599 [10 Pac. 199].)

■ Apparently realizing that she was bound to excuse her delay in commencing this proceeding, she alleged that she did not discover the alleged fraud until August 9, 1937. She does not allege any facts whatever showing why she did not discover the fraud at an earlier date. Such allegations were necessary to constitute a defense. (*Lady Washington C. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809].) For the foregoing reasons the trial court did not err in sustaining the defendants' demurrer.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1940.