[L. A. No. 17646.  In Bank.—March 3, 1941.]

RICHMOND A. RUST, Appellant, v. FRANK P. HILL et al., Respondents.

Elmer P. Bromley, H. E. Lindersmith, Newlin & Ashburn, Prentiss Moore, M. C. Schrager, Elza C. Mowry and C. V. Caldwell for Appellant.

Marcus Muskat, Edward D. Neuhoff and John Henry Nutt for Respondents.

Henry F. Walker, as *Amicus Curiae*, on behalf of Respondents.

THE COURT.—This is an appeal by the plaintiff from a judgment entered upon an order sustaining the defendants' demurrer to the complaint with leave to amend, and the plaintiff's election to stand upon the complaint as filed.

The plaintiff sued to recover the balance due on a promissory note for $7,600, dated January 1, 1931, and due in three years. The note was secured by a deed of trust on real property of the defendants. Upon default in payment, the real property was sold pursuant to the power of sale in the deed of trust for the sum of $1,000. After application of the proceeds of the sale the deficiency, or balance due on the note, and for which suit was brought, was $8,522.29. The complaint was filed April 1, 1938, and showed that it was filed more than four years after the maturity of the note and more than three months after the sale under the deed of trust.

By their demurrer the defendants pleaded the bar of subdivision 1, section 337, of the Code of Civil Procedure, which provided for a four-year limitation of actions on ''any contract, obligation or liability founded upon an instrument in writing'', and which also provided that the time within which an action for a deficiency may be brought shall not extend beyond three months after the time of sale under a deed of trust or mortgage. The defendants also pleaded in bar the provisions of section 580a of the Code of Civil Procedure, which likewise limited the time to three months within which an action for a deficiency may be commenced following the exercise of the power of sale in a deed of trust or mortgage. The plaintiff contends that the limitation under both statutes was tolled by the provisions of the Mortgage and Trust Deed Moratorium Acts of 1935 (Stats. 1935, pp. 1208, 1214 [Deering's Gen. Laws, 1935 Supp. Act 5104a]), and 1937 (Stats. 1937, pp. 57, 60; Stats. 1937, pp. 460, 466 [Deering's Gen. Laws, 1937, Act 5101]).

The defendants contend that the moratorium acts had no application to the facts of this case wherein it is disclosed that the plaintiff foreclosed his trust deed and sold the property pursuant to the power of sale before the Act of 1935 went into effect. The complaint shows that the real property described in the deed of trust was sold on April 24, 1935. The Moratorium Act went into effect on June 21, 1935, or about two months after the sale. The defendants insist that it was the purpose of the moratorium acts to provide, as an economic necessity, for the postponement of foreclosures under mortgages, deeds of trusts and contracts of purchase affecting real property upon a proper showing for such postponement on the part of the debtor, at the

same time safeguarding the rights of the creditor in the event of such postponement; that there is nothing in those acts relating to any necessity for the postponement of the time within which actions may be brought independent of and apart from the postponements authorized by the acts, and that where, as here, the creditor has sold the property and thus irrevocably foreclosed all interest of the debtor therein before the effective date of the Moratorium Act of 1935, the debtor was never in position to avail himself of its benefits.

The plaintiff relies on the cases of *Bakersfield Home Building Co. v. J. K. McAlpine Land & Dev. Co.*, 26 Cal. App. (2d) 444 [79 Pac. (2d) 410], and *Everts v. Newhouse, Inc.*, 28 Cal. App. (2d) 407 [82 Pac. (2d) 703], wherein it was held that the action for a deficiency judgment after exercise of the power of sale under a deed of trust was an action founded upon a written instrument secured by a deed of trust and that the moratorium statutes applied to extend the time within which the creditor could commence such action.

In each of those cases it appeared that the power of sale was exercised after the effective date of the applicable Moratorium Act, and it must be assumed that in such cases the debtor had an opportunity to obtain a postponement of the sale by invoking the appropriate procedure under the act. Whether the cases relied on by the plaintiff have been correctly decided is not a question which concerns us at this time. For present purposes it is sufficient to note the factual distinction between this case and the cases relied on by the plaintiff, and particularly the fact that the debtor in the present case never had an opportunity to obtain a postponement of the sale pursuant to the act which is here invoked by the creditor. The courts have recognized that where the debtor has resorted to the beneficial provisions of a moratorium act, but ineffectively, the provisions of the act do not grant to his creditor an extension of the time for commencing an action for the balance due after the exercise of the power of sale. In *Christina v. McLoughlin*, 18 Cal. App. (2d) 410 [63 Pac. (2d) 1174], after the effective date of the Act of January 31, 1935 (Stats. 1935, p. 60), the power of sale was exercised under a deed of trust and the creditor brought an action for a deficiency more than four years after the note became due and more than three months after

the sale. In that case the debtor had applied for relief, but the proceeding to stay the sale was ineffective, and postponement was denied for the reason that the application was filed too late. The court held that the extension to the creditor did not apply. That distinction was recognized in *Harris* v. *Fitting,* 9 Cal. (2d) 117, 121 [69 Pac. (2d) 833].

It is observed that section 8 of the Act of January 31, 1935, involved in *Christina* v. *McLoughlin, supra,* provided that when the time within which an action might be commenced upon any obligation founded upon a written instrument secured by mortgage, deed of trust, or contract of purchase of real property, would have expired by virtue of section 337 of the Code of Civil Procedure during the period of postponement ordered pursuant to the provisions of the act, such time was extended for the period of postponement; and that the court placed its conclusion on the ground that there had been no postponement. It is also observed that the provisions of section 19 of the acts invoked by the plaintiff herein do not contain any similar limitation. Nevertheless, considering the express objects to be attained by the moratorium acts, it unquestionably follows that the creditor is not entitled to an extension of the time for bringing an action for a deficiency where the debtor has had no opportunity to invoke the beneficial provisions of the act for the reason that the power of sale was exercised before the act became effective.

The provisions of the acts under consideration demonstrate that their primary purpose was to afford relief to debtors by postponement of sales and forfeitures of their interests in real property which were bound as security for the discharge of their obligations. The extensions thereby made available to creditors were complementary and coordinate and were granted to them to protect their interests, which otherwise might be jeopardized by the delays invoked by debtors pursuant to the terms of the acts. (Section 31, Trust Deed and Moratorium Act of 1935; *Bennett* v. *California Trust Co.,* 6 Cal. (2d) 381 [57 Pac. (2d) 914]; *Harris* v. *Fitting, supra.*)

It follows from the foregoing that the demurrer was properly sustained.

The judgment is affirmed.

A petition for a rehearing was denied March 31, 1941.