[Civ. No. 6725. Third Dist. Feb. 11, 1942.]

HERMAN GLASHOFF et al., as Executors, etc., Appellants, v. JOHN GLASHOFF et al., Respondents.

Francis C. McInnis and W. U. Goodman for Appellants.

Ernest C. Crowley for Respondents.

PEEK, J.—Plaintiffs' complaint to foreclose a note and mortgage dated January 5, 1929, and due five years after date, was filed May 16, 1940. Defendants' demurrer, on the ground that the complaint on its face showed that the action was barred by subdivision 1, section 337 of the Code of Civil Procedure, was overruled. The defendants then answered plaintiffs' complaint alleging that fact as a separate defense. At the conclusion of plaintiffs' case defendants' motion for a nonsuit on the same grounds, was granted.

From the judgment plaintiffs appeal, raising the question: Was the action barred by subdivision 1, section 337 of the Code of Civil Procedure, or was the right of action extended by what are more commonly known as the Moratorium Acts?

The Legislature, beginning in 1933, enacted a series of such acts: Stats. 1933, chap. 30; Stats. 1933, chap. 263; Stats. 1933, chap. 1057 [Deering's Gen. Laws, 1937, Act 5102]; Stats. Extra Sess., 1934, chap. 1; Stats. 1935, chap. 348; Stats. 1937, chap. 167 [Deering's Gen. Laws, 1937, Act 5101], and Stats. 1939, chap. 86 [Deering's Gen. Laws, 1939 Supp. Act 5100]. The only one which is essential to a determination of the present case is chapter 167, Statutes of 1937, and in particular section 19 of that act, which provided:

"Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by mortgage, deed of trust or contract of purchase, or founded upon any guarantee of such obligation or any contract of suretyship therefor or any indorsement of such instrument, would expire by virtue of section 337 of the Code of Civil Procedure, or by virtue of the provisions of Chapter 1, Statutes of Extra Session of 1934, or by virtue of the provisions of Chapter 7 or Chapter 348, Statutes of 1935, or by virtue of the provisions of Chapter 5, Statutes of 1937, or any other provisions of law, during the period commencing with the effective date of this act and ending on October 1, 1937, such time is hereby extended so as not to expire until the first day of July, 1939."

Plaintiffs suggest that after the words "Civil Procedure" a semi-colon should be inserted in lieu of the comma as the section is now written, and that a second semi-colon should be inserted in lieu of the comma after the words "October 1, 1937." Apparently it is the thought of plaintiffs that such construction would extend the provisions of the 1937 act to the effective date of the 1939 act which in turn would extend the time within which the present action could have been commenced to a date subsequent to the date on which the action was filed. In passing upon a similar question this court, in *Roth Drugs Inc.* v. *Johnson,* 13 Cal.App.2d 720 [57 P.2d 1022], stated the correct rule to be that "punctuation is never a controlling factor of interpretation" and it may be ignored when it becomes necessary to ascertain the true meaning of the language employed by the Legislature. (23 Cal.Jur. 733.)

██ It is reasonable to suppose that if the Legislature had desired to change that particular portion of section 19 ''it would have done so by express enactment and not by substituting a semi-colon for a comma.'' (*Estate of Coffee,* 19 Cal.2d 248 [120 P.2d 661].)

In *In re Davis,* 18 Cal.App.2d 291 [63 P.2d 853], this court had before it construction of a statute in which, it was contended, a semi-colon instead of a comma should be used. It was also argued that the Legislature intended that the words contained in the portion of the statute affected should stand alone ''unconnected with any of the specific acts prohibited by the language in the subdivision.'' In answer the court said: ''All the authorities which have been called to our attention, and which we have discovered in our own search, are to the effect that in construing a statute and seeking to ascertain the intent of the legislature, punctuations are not controlling, and an interpretation must be given which avoids an absurdity.'' Thus it appears that the contention of plaintiffs in the case now before us is untenable, ''as it leads directly to the absurd conclusions heretofore mentioned, and it is not to be assumed that the legislature intended any such result if any reasonable construction, and we may say, just and fair construction can be given to the language under consideration.'' (*In re Davis, supra.*)

In 23 Cal.Jur., page 734, section 113, the text reads: ''We have noticed the general rule that the meaning of a statute is to be sought in the language used by the legislature. But this does not mean that the courts are always to be governed by the exact phraseology and literal meaning of every word or phrase employed. The primary rule of intention is to be first applied. And intention may be ascertained, in doubtful cases, not only by considering the words used, but also by taking into account other matters, such as the context, the object in view, the evils to be remedied, the history of the times and of legislation upon the same subject, public policy, contemporaneous construction, and the like. . . . A thing which is within the intention is as much within the statute as if it were within the letter, and a thing within the letter is without the statute if without intention.''

Applying this rule we have but to look to section 1 of the 1937 act wherein it is stated that the policy of the Legislature was that ''In making provisions permitting such delays

the greatest care must be taken to prevent an economic result contrary to the purpose of moratoria legislation . . . that relief by moratoria legislation should not be extended beyond the periods prescribed by this act, and although such policy will not be binding upon the succeeding Legislatures it may, nevertheless, serve as a recommendation. With these considerations in view, the following provisions are intended to permit such delays and such safeguards to the interests of creditors affected thereby as are required by the present emergency.''

The Legislature having stated its intent and having acted accordingly we must therefore determine if the result is at variance with the Constitution. As stated in *In re Sekuguchi,* 123 Cal.App. 537 [11 P.2d 655], at page 540, citing *Commonwealth* v. *Barney,* 115 Ky. 475 [74 S.W. 181] : ''It is for the legislature to choose its subjects, and its own mode of expression. It is for the court to determine the language employed so as to carry into effect the legislative purpose so far as it may not be unquestionably at variance with the Constitution.''

Plaintiffs contend that section 19 as construed by the trial court is discriminatory in that it is special legislation and therefore is unconstitutional, their theory being that the limitations contained in said section give certain benefits to debtors but give no like benefits to creditors. It is evident from the Legislature's statement of intent that it desired to safeguard the interests of creditors as well as debtors, but that such legislation should not be extended beyond the periods prescribed by the act even to a point of recommending such policy to succeeding Legislatures. By the words, ''In . . . permitting such delays the greatest care must be taken,'' section 1 of the 1937 act adds further evidence of a definite intent to examine critically all extensions and postponements, and to place exacting limitations upon all such acts. Plaintiffs' interpretation of the act directly refutes what appears to be a clear cut course of action by the Legislature, and, if accepted, in effect would eliminate from the act one of its essential elements, i. e. a definite limitation as to the time within which actions may be commenced. It is therefore reasonable to assume that the limitations contained in section 19 had the studied approval of the Legislature and were particularly designed to bring order out of a chaotic economic situation. Every reasonable presumption will be resolved in

favor of the constitutionality of the act. (*Hart* v. *City of Beverly Hills,* 11 Cal.2d 343 [79 P.2d 1080]; *City of Stockton* v. *Ellingwood,* 78 Cal.App. 117 [248 P. 272].)

█ Statutes are not special legislation if they operate "alike upon all persons to whom they apply and apply equally to all persons in the same category within the jurisdiction of the lawmaking power. An act to be general in its scope need not include all classes of individuals; it answers the requirement of the constitution if it relates to and operates uniformly upon the whole of any single class validly selected. . . . It is enough that the subjects covered possess such intrinsic peculiarities as to justify the legislative determination that those subjects require special enactment." (5 Cal.Jur. 794-95.)

█ The power to impose reasonable periods of limitations is unquestioned. The statute of limitations is purely a matter of legislative creation, and the Legislature may prescribe the different periods of time within which different species of obligations may be enforced. (16 Cal.Jur. 396, et seq.) In view of the well established law on this question the suggested construction becomes artificial. A similar situation is found in *Bakersfield Home Building Co.* v. *J. K. McAlpine Land and Development Company, Ltd.,* 26 Cal.App.2d 444 [79 P.2d 410], in which the court said:

"Clearly, however, the courts are not at liberty to refuse to apply unambiguous language in a statute which involves no absurdity nor any necessary inconsistency with its general purpose; nor may they indulge in mere speculation to the effect that the legislature meant something other or less than what it said. They may not depart from the literal construction of the statute unless they can be reasonably assured that the legislature meant to say something different from what it appears to have said."

We find nothing ambiguous nor absurd in the language, punctuation or previous interpretation of said section 19, and therefore we have no need to speculate in regard thereto.

Plaintiffs further rely on the cases of *Bakersfield Home Building Company* v. *J. K. McAlpine Land and Development Company, Ltd., supra; Everts* v. *Newhouse Inc., Ltd.,* 28 Cal. App.2d 407 [82 P.2d 703], and *Rust* v. *Hill,* 17 Cal.2d 517 [110 P.2d 657]. We are entirely in accord with these cases. However, there is a definite factual distinction between those cases and the one which now confronts us. In *Rust* v. *Hill, supra,* the creditor had sold the property in April, 1935, be-

fore the effective date of the act in June, 1935, and therefore the date of expiration was gauged by the date of sale, and not by the maturity of the obligation. The facts in each of the other cases brought them squarely within the provisions of the appropriate Moratorium Act, and therefore the right to maintain such actions was rightfully upheld.

Appellants further contend that granting relief to the debtor makes necessary an extension of the statute of limitation for the creditor. This is true, and as the court also stated in *Rust* v. *Hill, supra:*

"The provisions of the acts under consideration demonstrate that their primary purpose was to afford relief to debtors by postponement of sales and forfeitures of their interests in real property which were bound as security for the discharge of their obligations. The extensions thereby made available to creditors were complimentary and coordinate and were granted to them to protect their interests, which otherwise might be jeopardized by the delays invoked by debtors pursuant to the terms of the acts. (Section 31, Trust Deed and Moratorium Act of 1935; *Bennett* v. *California Trust Co.*, 6 Cal.2d 381 [57 P.2d 914] ; *Harris* v. *Fitting, supra* [9 Cal.2d 117 (69 P.2d 833)].)"

This fact has also been recognized by the Legislature in each of the acts which has been passed. Whenever a postponement has been given to the debtor a like extension of time has been granted the creditor. However, when no postponement has been allowed to the creditor, neither has an extension been allowed the debtor. It should be noted further that the first of said moratorium acts (Stats. 1933, chap. 263) referred only to section 337 of the Code of Civil Procedure, while each succeeding enactment incorporated each of the preceding moratorium acts.

The effect of section 19 of the act of 1937 was to extend only those actions which would have expired by virtue of subdivision 1, section 337 of the Code of Civil Procedure, during the effective dates of the act—in other words, those actions which accrued between May 5, 1937, and October 1, 1937. Nor could it have been extended by later acts. Therefore, since the present action did not come within the extension of the 1937 act, it could not be further extended by the 1939 act. (*Wilmans* v. *Weissman*, 38 Cal.App.2d 693 [102 P.2d 382], and *Christina* v. *McLoughlin*, 18 Cal.App.2d [410,] 413 [63 P.2d 1174].)

The demurrer might properly have been sustained. The complaint shows that the action was commenced more than four years after the obligation became due and payable, and fails to show wherein the time was extended by the moratorium acts. (*Christina* v. *McLoughlin, supra; Wilmans* v. *Weissman, supra,* and *Harris* v. *Fitting,* 9 Cal.2d [117,] 120 [69 P2.d 833].)

However, by reason of the disposition that is made of this appeal on the first contention of appellants, there is no need to determine such question upon this record.

The nonsuit was properly granted, and the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 1, 1943.