[Civ. No. 15777. Third Dist. Sept. 3, 1976.]

FLORENCE M. ZASTROW, Plaintiff and Appellant, v.
HERBERT H. ZASTROW, Defendant and Respondent.

**COUNSEL**

Cowan & Welch and Howard L. Welch for Plaintiff and Appellant.

Wells & Wingate and Steven A. Small for Defendant and Respondent.

**OPINION**

**FRIEDMAN, Acting P. J.**—This appeal requires selection of the statute of limitations appropriate to an ex-wife's lawsuit against her ex-husband, alleging her mental incompetence at the time of the property settlement agreement and the marital dissolution decree incorporating it and seeking to set aside the decree and rescind the agreement.

In effect, the complaint alleges that after 18 years of marriage the wife signed a property settlement agreement giving her husband the lion's share of the marital assets; that she then signed an appearance, stipulation and waiver for filing in her husband's marital dissolution action; that at the time she was mentally incompetent and "unable to comprehend the nature and significance of her act;" that her husband knew she was incompetent; that her husband on June 16, 1969, secured an interlocutory decree and on January 27, 1970, a final judgment of marital dissolution which, as permitted by the property settlement agreement, incorporated the agreement by reference; that not until January 1, 1972, did she regain her competence. The complaint prayed that the judgment be set aside and the property settlement agreement canceled.

The parties agree that plaintiff's claim for relief accrued and the statute of limitations commenced to run on January 1, 1972, when plaintiff was allegedly restored to competence. Her complaint was filed on April 24, 1975, three years and almost five months later. The trial

court sustained the ex-husband's demurrer without leave to amend, upholding the contention that the action was barred by Code of Civil Procedure section 338, subdivision 4, the three-year statute of limitations, upon "an action for relief on the ground of fraud or mistake." Plaintiff appeals from the judgment of dismissal, charging that the appropriate statute of limitations is Code of Civil Procedure section 337, subdivision 3, fixing a four-year period of limitations upon "an action based upon the rescission of a contract in writing."[1]

The trial court's ruling was based upon a twofold thesis: (a) that the property settlement agreement had been merged in the decree of marital dissolution, hence could not be rescinded; (b) that the lawsuit was necessarily one to set aside a judicial decree procured by fraud or mistake. We accept the first part of the thesis and reject the second.

California cases disclose two kinds of actions aimed at nullifying property settlement agreements and distributions. One sort seeks rescission of the contract (e.g., *Vai* v. *Bank of America*, 56 Cal.2d 329, 335 [15 Cal.Rptr. 71, 364 P.2d 247]; *Collins* v. *Collins*, 48 Cal.2d 325, 327 [309 P.2d 420]). The other seeks to annul the property distribution provisions of the dissolution decree, charging extrinsic fraud, mistake or other disability. (See *Jorgensen* v. *Jorgensen*, 32 Cal.2d 13, 18-19 [193 P.2d 728], and additional cases cited in *Kulchar* v. *Kulchar*, 1 Cal.3d 467, 471 [82 Cal.Rptr. 489, 462 P.2d 17].) The *Kulchar* opinion intimates, albeit indirectly, that merger of the property settlement contract into the decree relegates the injured party to an attack upon the decree and not the contract. (1 Cal.3d at pp. 470-471.)

Plaintiff's view of the lawsuit as one based upon rescission of the property settlement agreement is not acceptable. The property settlement agreement signed by Mr. and Mrs. Zastrow was incorporated in the interlocutory and final decrees of dissolution secured by Mr. Zastrow. ■ The incorporation of a property settlement agreement in a divorce or dissolution decree causes the agreement to merge with the decree. " '[A]s soon as incorporated into the decree *the separation agreement is superseded by the decree, and the obligations imposed are not*

---

[1] In seeking cancelation rather than rescission, the complaint indulges in faulty nomenclature. The bar of limitations is the only issue. Thus we do not appraise plaintiff's pleading against the backdrop of the 1961 code changes abolishing the traditional equity action for rescission and substituting the action at law "based upon rescission." (See generally, 3 Cal. Law Revision Com., Rep. (1960) p. D-5 et seq.; 19 Hastings L.J. 1248.)

*those imposed by contract, but are those imposed by decree, and enforceable as such. Once the contract is merged into the decree, the value attaching to the separation agreement is only historical.'* . . . And it should logically and justly follow therefrom that thereafter there is no right of action on the agreement incorporated in the decree. . . ." (*Hough* v. *Hough,* 26 Cal.2d 605, 609-610 [160 P.2d 15].) (Italics in original.)

Merger, then, replaces the obligations of the contract with those of the decree. To speak of the rescission of a contract which has been superseded by a judicial decree poses a contradiction in terms. "A contract is extinguished by its rescission." (Civ. Code, § 1688.) If, as the merger doctrine declares, the injured party may no longer seek enforcement of the contract and is relegated to enforcement of the decree, the merger itself has extinguished the contract's obligations. The extinguished contract is then invulnerable to further extinction.

■ A property settlement agreement superseded by a decree of marital dissolution cannot be avoided by rescission. The injured party's remedy is attack upon the decree, not upon the contract. Code of Civil Procedure section 337, subdivision 3, the four-year statute of limitations applicable to suits based upon rescission, cannot govern here.

We consider the second part of the thesis, that is, that plaintiff's suit is necessarily grounded upon fraud or mistake, hence subject to the three-year period of limitations. ■ When extrinsic fraud or extrinsic mistake is the gravamen of a suit to vacate a judgment, the action is one for relief from fraud or mistake, thus governed by the three-year statute of limitations. (*Hart* v. *Gudger,* 153 Cal.App.2d 217, 232 [314 P.2d 549]; *Turner* v. *Milstein,* 103 Cal.App.2d 651, 659 [230 P.2d 25]; *Scott* v. *Dilks,* 47 Cal.App.2d 207, 210 [117 P.2d 700]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 335, p. 1177.)

A possible escape from the three-year limitation is suggested by decisions implying that statutes of limitation are only optional in California equity actions. An action to set aside a judgment procured through fraud, mistake or accident invokes a settled doctrine of equitable jurisdiction; nullification of the judgment is an act of the court sitting as a court of equity. (*Olivera* v. *Grace,* 19 Cal.2d 570, 575 [122 P.2d 564, 140 A.L.R. 1328]; see additional authorities cited, 5 Witkin, Cal. Procedure (2d ed. 1971), Attack on Judgment in Trial Court, § 175, p. 3745.) Several decisions intimate that an action at equity is not necessarily governed by

the periods of limitations prescribed for actions at law; that the equity court looks to the statute of limitations only for an analogue by which to measure the plaintiff's laches or unreasonable delay. That intimation appears in dicta in *Vai* v. *Bank of America, supra,* 56 Cal.2d 329, 343, *Protopappas* v. *Protopappas,* 213 Cal.App.2d 659, 665 [28 Cal.Rptr. 884], and *Barritt* v. *Barritt,* 132 Cal.App. 538, 544 [23 P.2d 54].

If the last-cited dicta supply the governing rule, the trial court erred by not giving plaintiff leave to amend her complaint to allege facts excusing her delay. These dicta in fact run counter to the mainstream of California case law. Statutes of limitation are products of legislative authority and control. (*Scheas* v. *Robertson,* 38 Cal.2d 119, 125 [238 P.2d 982]; *Glashoff* v. *Glashoff,* 57 Cal.App.2d 108, 113 [134 P.2d 316].) In the various American states statutory patterns shape the application of limitations statutes to equity actions. (See 30A C.J.S., Equity, § 131, pp. 89-90.) Section 312 of the California Code of Civil Procedure declares: "Civil actions, *without exception,* can only be commenced within the periods prescribed in this title . . . ." (Italics supplied.) ■ The mainstream of California law parallels section 312, applying the statutory periods of limitation equally to law and equity actions. (*Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 734 [146 P.2d 673, 151 A.L.R. 1062]; *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698, 701 [16 P.2d 268]; *Meigs* v. *Pinkham,* 159 Cal. 104, 111 [112 P. 883]; *Lady Washington C. Co.* v. *Wood,* 113 Cal. 482, 486 [45 P. 809]; *Estate of Peebles,* 27 Cal.App.3d 163, 166 [103 Cal.Rptr. 560]; *Rottman* v. *Rottman,* 55 Cal.App. 624, 631-632 [204 P. 46].)

The dicta in *Vai* and its companion decisions fail to cite or construe section 312 and the decisions which parallel it. Plaintiff's lawsuit is governed by one or another of the statutory periods of limitation. *Vai* and its companions do not supply plaintiff a juridical foothold.

■ Rejection of the rescission theory does not relegate the suit to the fraud or mistake category. So to classify it requires an indefensible assumption. Plaintiff charges neither fraud nor mistake in express terms. Although her complaint alleges facts which might culminate in findings of fraud on the husband's part or mistake on hers, neither of these represents the dominant fact at the heart of her claim. Mental incompetence, admitted as true for the purpose of demurrer, is the dominant fact.

Fraud and mistake are the usual but not the only grounds for equitable relief from a judgment. The leading California case in this area (*Olivera* v. *Grace, supra*) involved an attack upon a judgment allegedly procured through the mental incompetence of the plaintiff's decedent. The decedent had suffered a head injury which resulted in unadjudicated mental incompetence, was served with papers in a deed reformation action and suffered a default at the hands of the plaintiff in that action. The Supreme Court sustained the claim as one justifying relief; spoke of equity's power "to relieve incompetent defendants from judgments taken under circumstances of unfairness and injustice;" mentioned extrinsic fraud and extrinsic mistake as "typical of the situations" in which equity interferes with final judgments; quoted from an authoritative text which posits accident (as well as fraud and mistake) as a ground of relief; finally voiced the following general rule: "One who has been prevented by extrinsic factors from presenting his case to the court may bring an independent action in equity to secure relief from the judgment entered against him." (*Olivera* v. *Grace, supra,* 19 Cal.2d at p. 575.)

The quintessential basis for equitable relief from the judgment is not that the wife was defrauded or mistaken; rather, that some kind of disability deprived her of "a fair opportunity fully to submit her case to the court." (*Jorgensen* v. *Jorgensen, supra,* 32 Cal.2d at p. 22.) *Olivera* demonstrates that fraud or mistake are not the exclusive grounds; that equity, indeed, does not limit the kinds of disability which justify relief; that mental incompetence is one such disability. In distinct terms, *Olivera* disclaims the necessity for pleading that the adversary knew of the party's disability, that is, for pleading fraud. "It should not be understood, however, from what has been said that fraud on the part of the plaintiff in the former action is essential to equitable relief in cases such as this. . . . In cases such as the one here.presented, however, where there has been no adversary proceeding at all, the right of the incompetent defendant to equitable relief may be established if the plaintiff's ignorance of defendant's legal disability prevented a true adversary hearing as well as where the plaintiff's fraud prevented such a hearing." (*Olivera* v. *Grace, supra,* 19 Cal.2d at pp. 577-578.)[2]

---

[2]The rescission statutes supply an analogy for viewing mental incompetence as a ground for relief independent of fraud or mistake. Civil Code section 39 declares that the contract of a person of unsound mind, even before his incapacity has been judicially determined, may be rescinded. Section 1689, enumerating the grounds of rescission, lists fraud, mistake and the circumstances described in section 39 as individual grounds.

Plaintiff's action, then, sought relief on the ground of her mental incompetence. That ground is entirely distinct from fraud and mistake and is outside the ambit of section 338, subdivision 4, the three-year statute of limitations. It falls within the reach of Code of Civil Procedure section 343, the four-year statute of limitations governing actions not otherwise covered by statute. The four years had not yet run and the trial court erred in sustaining the demurrer.

Judgment reversed.

Regan, J., and Evans, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 28, 1976.