[Civ. No. 15700. Third Dist. Oct. 22, 1976.]

MASSEY-FERGUSON CREDIT CORPORATION,
Plaintiff and Appellant, v.
WILLIAM J. CASAULONG et al., Defendants and Respondents.

**COUNSEL**

Arostegui, Islip, Cooke, Marquez, Epley & Gengler and Robert C. Epley for Plaintiff and Appellant.

Skow & Jones and Charles A. Skow for Defendants and Respondents.

**OPINION**

**PUGLIA, P. J.**—The trial court sustained without leave to amend a demurrer to plaintiff's complaint for recovery of a deficiency arising from the resale of farming equipment sold to and later repossessed from defendants. Plaintiff appeals from the ensuing judgment of dismissal. The issues to be determined on this appeal are: (1) the statute of limitations applicable to an action for recovery of a deficiency arising from the repossession and resale of goods originally purchased under a conditional sale contract and (2) the time at which that limitations period

commences. These appear to be questions of first impression in California.

Plaintiff's complaint alleges that on August 17, 1967, defendants entered into a written agreement with Arends Equipment Company for the purchase of a Massey-Ferguson Number 510 gas combine; Arends assigned the contract to plaintiff the same day; the conditional sale agreement, under which plaintiff retained a security interest in the combine, came into default in September 1970 when defendants failed to make the annual payment for that year; in December 1970, plaintiff exercised its contractual right to repossess the equipment after defendants failed to honor a demand for payment; after further notice and demand for payment, plaintiff resold the combine in May 1972 for $1,100.

Plaintiff filed its complaint on September 12, 1975, seeking a deficiency judgment of $7,076 against defendants. The record does not disclose the reason for plaintiff's three-year delay in initiating its lawsuit after the 1972 resale of the equipment. The amount of the claimed deficiency was based upon the $16,465 contract price less annual payments made in 1968 and 1969, less the resale price of $1,100, plus unspecified expenses and attorneys' fees incidental to repossession and resale of the equipment.

Defendants' demurrer was based primarily upon the four-year statute of limitations prescribed by Code of Civil Procedure section 337 for actions upon a written instrument. Alternatively, defendants argued that the four-year period prescribed by Code of Civil Procedure section 343 for actions not otherwise covered bars plaintiff's lawsuit. Without identifying the particular provision upon which it relied, the trial court held that a four-year limitations period applied and that it commenced to run in December 1970 when plaintiff repossessed the equipment from defendants.

On appeal, plaintiff urges that if its lawsuit is governed by Code of Civil Procedure section 337, the limitations period did not commence to run until May 1972 when by resale of the combine the right to recover the resulting deficiency accrued. Alternatively, plaintiff argues that California Uniform Commercial Code section 9504 creates an independent statutory right of action in the secured party to recover a deficiency; since division 9 of that code (in which § 9504 is included) contains no

period of limitations upon enforcement of that right, the catchall four-year limitations period of Code of Civil Procedure section 343 applies; the period of limitation does not commence to run, however, until the resale of the property, provided the sale is accomplished as required by Commercial Code section 9504 in a "commercially reasonable manner."

■ We are of the opinion that the present transaction is governed by the Uniform Commercial Code, division 9 of which applies to "security interests" (Cal. U. Com. Code, § 1201, subd. (37)) in personal property created by virtually all of the traditional security devices, including conditional sale. (Cal.U.Com.Code, § 9102, subd. (2); see, e.g., *James Talcott, Inc.* v. *Gee* (1968) 266 Cal.App.2d 384, 388 [72 Cal.Rptr. 168]; 3 Cal. Commercial Law (Cont.Ed.Bar) pp. 3-4.) California Uniform Commercial Code section 2725 provides a four-year statute of limitations for an action for breach of any contract involving the sale of goods.[1] Although no California decision has considered the applicability of that section to actions of the present type, the New Jersey Supreme Court has held that an identical provision of the Pennsylvania statutes (derived from U.Com.Code, § 2-725, from which Cal.U.Com.Code, § 2725 was taken without change) controls a conditional seller's right to maintain an action for a deficiency following resale of goods. (*Associates Discount Corporation* v. *Palmer* (1966) 47 N.J. 183, 185-186 [219 A.2d 858, 860-861].)

Plaintiff contends that division 2 of the California Uniform Commercial Code dealing with sales, wherein section 2725 is found, is not applicable to secured transactions by reason of the following language of section 2102: "Unless the context otherwise requires, this division [2] applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate *only* as a security transaction . . . ." (Italics added.) In the New Jersey decision, the court noted that the instrument sued upon was not only a security agreement but a sales contract as well. (*Associates Discount Corporation* v. *Palmer, supra,* 47 N.J. at p. 188 [219 A.2d at p. 861].) Furthermore, it concluded that an action to recover a deficiency must be considered more closely related to the sales aspect of a combination sales-security agreement than to its

---

[1]Section 2725 provides in part: "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. . . ."

security aspect, since such an action enforces an obligation owed by a buyer to pay the full sale price to the seller, an obligation which is an essential element of all sales irrespective of whether the sale is accompanied by a security arrangement. (*Id.,* at pp. 187-188 [219 A.2d at p. 861].)

From the official comment to section 2-102 of the Uniform Commercial Code, the analogue to our Uniform Commercial Code section 2102, it appears that the division governing sales "leaves substantially unaffected the law relating to purchase money security such as conditional sales or chattel mortgage though it regulates the *general sales aspects* to such transactions." (Italics added.) (U. Com. Code com., 23A West's Cal.U.Com.Code Ann., at p. 101.) Under the reasoning of the *Associates Discount* case, an action for a deficiency judgment involves the "general sales aspect" of a secured transaction. This reasoning is equally applicable in California where a conditional seller of goods has long been entitled to repossess the property and enforce the contract against the buyer for the payment of any deficiency. (See *Matteson* v. *Equitable M. and M. Co.* (1904) 143 Cal. 436, 437-438 [77 P. 144]; *B.K.K. Co.* v. *Schultz* (1970) 7 Cal.App.3d 786, 793-794 [86 Cal.Rptr. 760]; *Kreisa* v. *Stoddard* (1954) 127 Cal.App.2d 627, 631-632 [274 P.2d 164].)

In adopting the Uniform Commercial Code in 1963 (Stats. 1963, ch. 819, pp. 1849-2015), California omitted section 2-725, retaining the four and two-year periods of limitation prescribed respectively by sections 337 and 339 of the Code of Civil Procedure for actions based on written and oral contracts. (See Cal. Code com., 23A West's Cal.U.Com.Code Ann., at pp. 693-694.) The later adoption of section 2-725 (Stats. 1967, ch. 799, § 5, designated as § 2715 of the Cal.U.Com. Code) was accompanied by the explanation that the four-year period prescribed by the section was the same as that provided for in Code of Civil Procedure section 337 for written contracts. (Cal. Code com., 23A West's Cal.U.Com.Code Ann., at p. 49.) Since its adoption, actions involving the conditional sale of goods are subject to the limitation of California Uniform Commercial Code section 2725 rather than to the general limitations provisions of the Code of Civil Procedure.

Although Code of Civil Procedure section 337 is itself inapplicable, cases construing its operation in closely comparable circumstances are instructive. As applied to actions for recovery of a deficiency arising from

resale of real property secured by a deed of trust, it has been observed, by way of dictum, that Code of Civil Procedure section 337 would bar any suit for deficiency brought more than four years from the date of maturity of the note, i.e., the date on which the underlying purchase agreement was breached by nonpayment. (E.g., *Rust* v. *Hill* (1941) 17 Cal.2d 517, 518 [110 P.2d 657]; *Ware* v. *Heller* (1944) 63 Cal.App.2d 817, 827 [148 P.2d 410]; *Security First Nat. Bank* v. *Sapkin* (1937) 19 Cal.App.2d 224, 226-227 [64 P.2d 1097] [opn. of Supreme Court on den. of hg.]; *Christina* v. *McLoughlin* (1937) 18 Cal.App.2d 410, 412, 413 [63 P.2d 1174]; *Bank of America Assn.* v. *Dennison* (1935) 8 Cal.App.2d 173, 180-181 [47 P.2d 296].)[2] The rationale of these decisions is that an action to recover a deficiency judgment is "founded" upon the instrument secured by the mortgage, deed of trust, contract of purchase, or other contract whereby the security is given, even though the amount of the deficiency that the holder is entitled to recover may not be susceptible of ascertainment until the security has been exhausted (E.g., *Bakersfield etc. Co.* v. *McAlpine etc. Co.* (1938) 26 Cal.App.2d 444, 450 [79 P.2d 410]; *Everts* v. *Newhouse Inc., Ltd.* (1938) 28 Cal.App.2d 407, 409 [82 P.2d 703].) By parity of reasoning, an action to recover a deficiency arising from resale of goods originally purchased under conditional sale contract is based upon the contract of sale. We conclude therefore, by analogy to the real property cases, that a conditional seller's action to recover a deficiency from a defaulting buyer is barred by California Uniform Commercial Code section 2725 if more than four years have elapsed since the breach of the conditional sale agreement.

To bolster its position that the period of limitations does not commence until resale of the goods creates a deficiency, plaintiff cites the obligation of the secured party to deal with the collateral "in good faith and in a commercially reasonable manner" (Cal.U.Com.Code, § 9504, subd. (3)) as adequate protection to the buyer against unreasonable delay and indefinite exposure to contingent liability. The obligation to act in a commercially reasonable manner applies to every aspect of the sale of the collateral including method, manner, place and terms as well as time

---

[2]The land sale cases which dealt with application of the limitations period of section 337 were more directly concerned with the effect of the various "moratorium statutes" passed during the depression era to protect defaulting property owners. (E.g., *Christina* v. *McLoughlin, supra,* 18 Cal.App.2d at pp. 412, 413.)

There are no recent decisions dealing with this question because subdivision 1 of section 337 was amended in 1933 to provide a special three-month statute of limitations for recovery of a deficiency judgment following exercise of a power of sale in a deed of trust or mortgage upon real property. (Stats. 1933, ch. 790, p. 2116, § 1.)

(U. Com. Code com., 23C West's Cal.U.Com.Code Ann., at p. 605.) The right of a defaulting buyer, however, to prompt and diligent resale of repossessed property exists independently of and in addition to the protection against indefinite exposure to liability afforded by the statute of limitations. (See *B.K.K. Co.* v. *Schultz, supra,* 7 Cal.App.3d 786, 794; *Elster's Sales* v. *El Bodrero Hotel, Inc.* (1967) 250 Cal.App.2d 258, 261 [58 Cal.Rptr. 492].)

The judgment is affirmed.

Regan, J., and Evans, J., concurred.