[No. F011972. Fifth Dist. May 1, 1990.]

Estate of RICHARD A. GIBSON, Deceased.
JAMES GIBSON, as Administrator, etc., Petitioner and Respondent,
v.
MARDELL GIBSON, Claimant and Appellant.

**[Opinion certified for partial publication.\*]**

  \* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, and IV.

**COUNSEL**

Barry L. McCown for Claimant and Appellant.

Young, Wooldridge, Paulden, Self, Farr & Griffin and Larry R. Cox for Petitioner and Respondent.

**OPINION**

**VARTABEDIAN, J.**—This is an appeal from a minute order wherein the trial court granted a motion for directed verdict on a petition to determine distribution of decedent Richard A. Gibson's estate. The ruling was in favor of decedent's son, James Gibson, acting as administrator of decedent's estate (respondent), who contended that the surviving spouse, Mardell Gibson (appellant), should take nothing from decedent's estate due to the preclusive effect of a prior judgment in which she had waived her right to inherit from decedent. We affirm.

PERTINENT PROCEEDINGS AND FACTS

By way of background, decedent and appellant were married for less than six years; respondent is decedent's son from a previous marriage.

On July 29, 1985, a hearing regarding dissolution of the marriage of decedent and appellant was held in Kern County Superior Court case No. 512050. The resulting minute order recited the previous entry of default and that the petitioner (decedent herein) was duly sworn and testified. A judgment of dissolution was ordered, and the marital property settlement agreement dated July 2, 1985, was approved and incorporated as part of the judgment. The parties were "ordered to fully comply with all executory provisions of said Agreement." The judgment additionally recited that the marital status would terminate on December 4, 1985. Judgment was entered on July 31, 1985.

On November 26, 1985, a stipulation to set aside marital status termination date and order thereon was entered. That stipulation read in its entirety, "IT IS HEREBY STIPULATED by and between the parties hereto, that the marital status termination date of December 4, 1985, set forth in the Judgment of Dissolution entered July 31, 1985, shall be set aside, but that *all other provisions set forth in said judgment shall remain in full force and effect.* [¶] IT IS FURTHER STIPULATED that the date for termination of marital status shall be determined on noticed motion of either party." (Italics added.)

The marital status of the parties had not been terminated at the time of decedent's death on August 31, 1986. Nor had any provision of the judgment (other than delaying termination of marital status) been modified.

In September and October of 1986, respondent and appellant filed competing probate court petitions regarding decedent's estate. The petitions were finally heard on January 9, 1987, at which time appellant's petition for probate of will and for letters testamentary, authorization to administer under the Independent Administration of Estates Act (Prob. Code, § 10400 et seq.) and her petition for letters of special administration were withdrawn without prejudice. The court granted the petition for letters of administration to administer under the Independent Administration of Estates Act and appointed respondent administrator.

On June 18, 1988, respondent filed a petition to determine distribution or, in the alternative, for instructions, asking the court to determine the effect of the marital settlement agreement on decedent's estate.

On July 11, 1988, appellant filed objections to the petition to determine distribution on the basis that the subsequent reconciliation of the spouses and a later executed will of decedent invalidated the terms of the marital settlement agreement.

A hearing was held on the petition on October 14, 1988. Appellant did not pursue her claim of a valid will at the time and instead sought intestate appointment and distribution. Respondent's request to have the court disregard the objections filed by appellant was denied. The court received Kern County case No. 512050 (the dissolution action) into evidence. Respondent moved for a directed verdict, which was submitted. Points and authorities were filed.

On January 3, 1989, the court rendered its ruling by minute order as follows: "The motion for directed verdict is granted. The Court finds that the Judgment in case Number 512050 which incorporates the terms of a Marital Settlement Agreement is binding on the Court in this matter. Therefore, Mardell Gibson is ordered to turn over all assets which belong to the Estate to the Representative and that she is not entitled to take from this estate, the sole heirs being the surviving children."

### DISCUSSION

As a preliminary comment, we note appellant does not contest the conclusion that the marital settlement agreement has merged into the judgment.

"A merged ' ". . . separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such. Once the contract is merged into the decree, the value attaching to the separation agreement is only historical." ' (*Hough* v. *Hough* (1945) 26 Cal.2d 605, 609-610 . . . .) 'Merger, then, replaces the obligations of the contract with those of the decree [and] the merger itself has extinguished the contract's obligations.' (*Zastrow* v. *Zastrow* (1976) 61 Cal.App.3d 710, 714 . . . .)" (*In re Marriage of Jones* (1987) 195 Cal.App.3d 1097, 1104 [241 Cal.Rptr. 231].)

Rather, appellant contends the judgment itself was vulnerable to attack because the parties had reconciled; thus, at the very least, the judgment had "clerical errors" that should have been corrected. The record offers no support for this contention as is more fully discussed in the unpublished portion of this opinion. Next, arguing that Probate Code sections 140 through 147 apply to the instant situation, appellant points to the language of Probate Code section 144, subdivision (b), claiming that enforcement of

appellant's waiver of property rights in decedent's estate was "unconsciona-ble."

## I.

*Probate Code sections 140-147 do not apply to the judgment.*

██  Appellant argues that Probate Code sections 140-147 statutorily limit the manner and means by which a spouse or former spouse may waive certain rights in the deceased spouse's estate, arguing inferentially that the judgment in the marital dissolution case does not meet the requirements of those sections.

The marital settlement agreement approved by the trial court and incorporated into the judgment provided in relevant part: "15. In the event of a reconciliation between the parties, this Agreement nevertheless shall continue in full force and effect until modified, altered or terminated by an Agreement in writing to such effect, signed by each of the parties and their signatures notarized.

".  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"17. Husband and Wife agree that they each understand that they are entitled to an equal division of the community property and obligations. Each party believes that this Marital Settlement Agreement constitutes a fair and equal division of the community property and obligations, and each waives all right to an equal division, pursuant to Civil Code Section 4800, if in fact one does not exist.

".  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"20. Each party does waive and release the other from any claim of spousal support, except as otherwise provided by this agreement, and from any right to claim a probate homestead or family allowance from the other's estate, or to administer upon the other's estate in any capacity, or to inherit or take anything by succession or by Will from the other's estate, unless so provided by a Will executed after the date of this agreement."

The surviving spouse's waiver of rights (Prob. Code, §§ 140-147) was added to the Probate Code by Assembly Bill No. 25, 1983-1984 Regular Session (Stats. 1983, ch. 842, § 22). Regarding that enactment, the following appears in *Selected 1983 California Legislation* (1983-1984) 15 Pacific L.J., 424-427:

"The California law governing wills and intestate succession has not been thoroughly revised for over a century. Existing law contains technical requirements and mechanical rules that often invalidate wills and produce results inconsistent with the testator's intent. Chapter 842 represents an extensive revision of the laws governing wills, intestate succession, and related matters. To promote uniformity, the California Legislature has drawn provisions from the Uniform Probate Code when a special local rule is not required. In addition, Chapter 842 enacts new provisions concerning contractual arrangements relating to rights at death and division by representation. [¶] . . . [¶] . . . Furthermore, both prenuptial and antenuptial property settlements may act as valid waivers under Chapter 842." (Fns. omitted.)

As is noted by respondent, Probate Code sections 140 through 147 fail to expressly include a "judgment" as being thereby governed. A "written agreement" or a "property settlement" is a covered subject, including one "entered into after or in anticipation of separation or dissolution or annulment of marriage." (Prob. Code, § 145.) Is a marital property settlement agreement which has merged into a judgment implicitly included?

A crucial element of any statutory scheme is enforceability. The validity of a waiver signed absent a marital breakdown (as a part of a prenuptial agreement, for example) appears to have been a primary legislative concern since such are prone to be made without consideration other than "mutual consent." (See *Woods* v. *Security-First Nat. Bank* (1956) 46 Cal.2d 697, 702 [299 P.2d 657].) Where spouses have negotiated a property division on the occasion of their breakup, this concern diminishes, especially when the parties' agreement is approved and adopted by a court in the form of a judgment. Probate Code section 145 thus appears to be directed at two types of situations: (1) where the parties do not intend an agreement to be merged into a dissolution judgment; and (2) where one party dies after both have executed a marital settlement agreement but before the court has heard the matter for the purpose of rendering a judgment incorporating the agreement.

■ The primary enforceability provision of the statute is Probate Code section 143. The following legislative committee comment gives us further insight into what the Legislature intended to include: "Section 143 establishes the basic standards of enforceability for a waiver. The court shall enforce the waiver unless the surviving spouse shows that he or she was not provided a fair and reasonable disclosure of property (absent a waiver of such disclosure after advice by independent legal counsel) or was not represented by independent legal counsel at the time of execution. By satisfying the conditions of disclosure and independent counsel, the parties can have

certainty that their affairs will be governed in an agreed upon manner. If these conditions are not satisfied (for example, counsel may not have been sought at all or the surviving spouse may not have been separately represented), a waiver may still be enforceable under Section 144. [16 Cal.L.Rev.Comm. Reports 2301 (1982); 83 S.J. 4870]." (Legis. committee com.—Sen., West's Ann. Prob. Code, § 143 (1990 pocket supp.) p. 39.)

The foregoing comment makes it clear the Legislature's concern was that the circumstances of the waiver be evaluated by a court to determine enforceability. Once an agreement merges into a judgment, enforceability has already been determined and achieved. "[T]he well-settled rule is that '[i]nterlocutory divorce decrees are res judicata as to all questions determined therein . . . .' (*Kulchar* v. *Kulchar* [(1969)] 1 Cal.3d [467,] 470, and cases cited therein.)" (*In re Marriage of Modnick* (1983) 33 Cal.3d 897, 911, fn. 13 [191 Cal.Rptr. 629, 663 P.2d 187].)

A marital dissolution judgment, approving of and incorporating therein the settlement agreement of the parties, vests "certainty that their affairs will be governed in an agreed upon manner." (Legis. committee com.— Sen., *supra*, at p. 39.) As a safeguard against potential abuse, a dissatisfied party may either timely seek relief under Code of Civil Procedure section 473 (for mistake, inadvertence, surprise, or excusable neglect) or assert, by motion, extrinsic fraud. (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1068 [202 Cal.Rptr. 116].)

■ Appellant sought neither of these remedies. She did not appeal the dissolution judgment. Nor has she pointed to any facts that indicate she would have prevailed in any of these pursuits.

In this action, appellant instead makes a collateral attack on a "final" judgment. ■ As is noted in *Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 470-471 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368], "If a property settlement is incorporated in the divorce decree, the settlement is merged with the decree and becomes the *final* judicial determination of the property rights of the parties." (Italics added.) A collateral attack is ordinarily successful only in cases in which the judgment is so completely invalid, due to lack of jurisdiction of the subject matter or the person or excess of jurisdiction, as to require no ordinary review to annul it. (See *In re Marriage of Hanley* (1988) 199 Cal.App.3d 1109, 1120 [245 Cal.Rptr. 441].) Such is not the case here.

■ We are aware that many marital dissolution judgments are rendered with the participation of only one counsel or none at all. By appellant's position, these judgments would be vulnerable to collateral attack

causing considerable uncertainty. We note that when a waiver of inheritance rights is included in a marital settlement agreement, it is typically in exchange for some other benefit the waiving spouse is obtaining. A finding of invalidity of the waiver would have the potential of affecting the validity of the entire decree, including an effect on property that may have been disposed of years earlier.

We thus find no support for appellant's contention in construing the statute in question or in practical application. Such a cumbersome, unnecessary, and time-consuming procedure in the probate court and such lack of finality and certainty in marital dissolution judgments are to be avoided. Probate Code sections 140 through 147 do not apply to a judgment.

The trial court properly concluded that the judgment in the marital dissolution case was binding and the waiver contained therein was valid.

## II.-IV.*

. . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order granting directed verdict is affirmed. Respondent is awarded his costs on appeal.

Baxter, Acting P. J., and Thaxter, J., concurred.

---

* See footnote, *ante,* page 1486.